CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant
ZHEJIANG FUCHUEN CO. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:   516-767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             :
TRANSFIELD ER CAPE LIMITED                                   :
                                                             :
                                                             :
                    Plaintiff,                               :   07 CV 04528 (MGC)
                                                             :
        - against -                                          :
                                                             :
FUCHUEN DIHAI SHIPPING CO. LTD., and                         :
ZHEJIANG FUCHUEN CO. LTD.                                    :
                                                             :
                    Defendants,                              :
                                                             :
------------------------------------------------------------x

## ATTORNEY'S AFFIDAVIT IN SUPPORT
## OF MOTION TO VACATE PROCESS OF MARITIME ATTACHMENT

State of New York    :
                     :ss.
County of Nassau     :

Owen F. Duffy, being duly sworn, states under penalty of perjury as follows:

1. I am a member of the Bar of the State of New York, and I am admitted to practice before this Court.

2. I am a member of the firm of Chalos, O'Connor & Duffy, LLP, attorneys for the Defendant, Zhejiang Fuchuen Co., Ltd., in this action.

3. I am fully familiar with the matters set forth in this affidavit, and my knowledge of the matters set forth in this affidavit is based on information provided to me by Defendant Zhejiang Fuchuen Co., Ltd., its agents and attorneys and my own independent research.

4. I submit this affidavit for the purpose of setting forth the facts and introducing evidence of the facts to support Zhejiang Fuchuen Co., Ltd.'s Motion to Vacate the Process of Maritime Attachment and Garnishment that was issued by this Honorable Court on May 31, 2007.

## THE PARTIES

### *The Plaintiff Transfield ER Cape Limited*

5. The Plaintiff, Transfield ER Cape Limited (hereinafter "Transfield"), is a foreign company organized and operating under foreign law. *See,* Exhibit 9, Verified Complaint at ¶ 2.

2

6. The Plaintiff Transfield has previously alleged that it is an entity incorporated under the laws of the British Virgin Islands with a principal place of business at 30 Harbour Road, Wanchai, Hong Kong, which is a Special Administrative Region of The People's Republic of China. *See*, Exhibit 3, Amended Verified Complaint in Civil Action 04 CV 4395 (WHP) at ¶ 2 (hereinafter referred to as the "2004 Complaint").

7. Transfield is an operator of sea going vessels and is involved in the carriage and delivery of bulk cargoes by sea. *See*, Exhibit 9, Verified Complaint at ¶ 3.

### *The Defendant Fuchuen Dihai Shipping Co. Ltd.*

8. The Defendant Fuchuen Dihai Shipping Co. Ltd. (hereinafter "Fuchuen Dihai") is an entity duly incorporated in, and pursuant to, the laws of the British Virgin Islands. *See*, Exhibit 1, Certificate of Incorporation dated March 25, 2003.

### *The Defendant Zhejiang Fuchuen Co. Ltd.*

9. The Defendant Zhejiang Fuchuen Co., Ltd. (hereinafter "Zhejiang") is a an entity duly incorporated in, and pursuant to, the laws of Hong Kong, Special Administrative Region of The People's Republic of China. *See*, Exhibit 18, Declaration of Weng Changrong, (hereinafter "Decl. of Changrong") at ¶ 7.

10. Zhejiang was incorporated by the Zhejiang Provincial People's Government, which in turn is subservient and answerable to the central government of The People's Republic of China (hereinafter "P.R.C."). *See*, Exhibit 18, Decl. of Changrong at ¶s 6, 14 & 15.

11. Zhejiang was established by the Zhejiang Provincial People's Government for the purposes of attracting foreign capital and investment for Zhejiang Province and,

3

also, to advance cultural cooperation between Hong Kong and the people of Zhejiang Province, P.R.C. *See*, Exhibit 18, Decl. of Changrong at ¶ 6.

12. Zhejiang is a Chinese-owned enterprise (a state owned enterprise) in Hong Kong that represents the Zhejiang Provincial People's Government. *See*, Exhibit 18, Decl. of Changrong at ¶ 5.

13. Zhejiang maintains its principal place of business in Zhejiang province at the Provincial Government Building, Shengfu Road, Huagzhou, P.R.C., but it also maintains a representative office in Hong Kong on the 35th Floor, United Centre, 95 Queensway, Hong Kong, Special Administrative Region of The People's Republic of China. *See*, Exhibit 18, Decl. of Changrong at ¶ 9.

14. In accordance with the Companies Ordinance (Chapter 32) of Hong Kong, the ownership of Zhejiang was originally allotted to 19,998 shares payable in cash and each with a nominal value of $100.00. *See*, Exhibit 18, Decl. of Changrong at ¶ 11.

15. Zhejiang is, and always has been, wholly owned by The Zhejiang Provincial People's Government because The Zhejiang Provincial People's Government owns all of the outstanding shares of Zhejiang and, furthermore, all dividends and interest payable in respect of those shares are paid to The Zhejiang Provincial People's Government. *See*, Exhibit 18, Decl. of Changrong at ¶s 12 and 13.

16. The directors and officers of Zhejiang are controlled and supervised by the Governor of The Provincial State of Zhejiang, who is appointed directly by the Central Governor in Bejing, P.R.C. *See*, Exhibit 18, Decl. of Changrong at ¶s 14 and 15.

## THE BACKGROUND TO THE INSTANT LITIGATION

### *The Underlying Dispute between Transfield and Fuchuen Dihai*

17.     On or about November 28, 2003, the Plaintiff Transfield and the Defendant Fuchuen Dihai entered into a charter party whereby Plaintiff's vessel, the M/V ALINA, was to carry the Defendant Fuchuen Dihai's cargo from Brazil to China. *See*, Ex. 3, 2004 Complaint at ¶ 5.

18.     Subsequent to the carriage and discharge of Fuchuen Dihai's cargo on April 9, 2004, the Plaintiff Transfield alleged that Fuchuen Dihai was in breach of the charter party for failure to pay detention damages of $1,980,000.00 for 24.75 days of detention of its vessel at the discharge port of Beilun, China. *See*, Ex. 3, 2004 Complaint at ¶ 6.

19.     As set forth in the charter party between Plaintiff Transfield and Defendant Fuchuen Dihai, any disputes arising under the charter party were to be arbitrated in London. *See*, Ex. 3, 2004 Complaint at ¶ 11.

20.     Zhejiang was not a party to the charter party dated November 28, 2003, and Zhejiang was not a guarantor of Fuchuen Dihai's obligations under the charter party dated November 28, 2003. *See*, Exhibit 18, Decl. of Changrong at ¶ 19.

### *Plaintiff Transfield sued Fuchuen Dihai in this Court in 2004*

21.     In order to obtain security for its claim against the Defendant Fuchuen Dihai, which was to be arbitrated in London, the Plaintiff Transfield filed a Complaint in the Southern District of New York against Defendant Fuchuen Dihai, and Transfield requested issuance of Process of Maritime Attachment and Garnishment against the property of Defendant Fuchuen Dihai. *See*, Exhibit 3, 2004 Complaint at ¶ 15.

22. The Court issued Process of Maritime Attachment and Garnishment against the property of the Defendant Fuchuen Dihai on July 21 & 27, 2004. *See*, Exhibit 2, Civil Docket for Case #1:04-cv-04395-WHP.

23. The Plaintiff Transfield did not sue Zhejiang in 2004, and Defendant Zhejiang was not a party to the 2004 litigation.

### *The London Arbitration between Transfield and Fuchuen Dihai*

24. Both Transfield and Fuchuen Dihai engaged in arbitration in London, England, by appointing arbitrators, but the arbitration did not proceed beyond that point.

25. The Defendant Zhejiang was not a party to the London arbitration.

### *Transfield and Fuchuen Dihai entered into a Settlement Agreement*

26. As set forth in the instant Verified Complaint, the Plaintiff Transfield alleges that the parties "negotiated a compromise settlement" with respect to the disputes arising under the 2003 charter party. *See*, Ex. 9, Verified Complaint at ¶ 15.

27. By message dated July 21, 2005, Fuchuen Dihai confirmed to Transfield that the parties had previously negotiated a compromise settlement. *See*, Ex. 6, Fuchuen Dihai correspondence to Transfield with certified translation.

### *The London Arbitration was Terminated*

28. By message dated February 23, 2005, Transfield confirmed to Fuchuen Dihai that a settlement agreement had been reached pursuant to which the arbitration procedure would be terminated immediately. *See*, Ex. 5, Transfield correspondence to Fuchuen Dihai with certified translation.

### *The 2004 New York Litigation was Dismissed*

29.     Previously, and prior to any settlement, on September 19, 2004, Plaintiff Transfield voluntarily discontinued the 2004 NY lawsuit against Defendant Fuchuen Dihai. *See*, Exhibit 4, Order of Discontinuance, docket entry # 9 in Civil Action 04 CV 4395 (WHP).

### *In 2006, Transfield Alleged a Breach of the Settlement Agreement*

30.     Nearly eight months after Fuchuen Dihai confirmed the settlement agreement, Transfield notified Fuchuen Dihai that it was now of the belief that both parties had not reached any agreement regarding the arbitration dispute of the M/V Alina. *See*, Exhibit 7, correspondence of March 7, 2006 with certified translation.

31.     However, an attorney for Fuchuen Dihai, Paul Rodgers, Esq., responded to Transfield on March 17, 2006, and he disputed Transfield's assertion that no settlement agreement had been reached between the parties and he went on to allege that Transfield's actions constituted a breach of that settlement agreement. *See*, Exhibit 8, correspondence from Paul Rodgers to Transfield dated March 17, 2006.

## THE INSTANT LITIGATION

### *Transfield commenced Suit against Fuchuen Dihai and Zhejiang Fuchuen*

32.     On May 30, 2007, Plaintiff Transfield filed a Verified Complaint against Fuchuen Dihai and Zhejiang in the Southern District of New York. *See*, Exhibit 9, Verified Complaint.

33.     On June 5, 2007, the case was declined by Judge Pauley, U.S.D.J., as not similar to the 2004 case under docket number 04CV4395 (WHP) and was reassigned to

this honorable Court. *See*, Exhibit 12, Notice of Case Assignment to Judge Miriam Goldman Cedarbaum, U.S.D.J., docket entry # 6.

34. Plaintiff's Verified Complaint recounts essentially the same allegations set forth in the previous action in 2004, but Plaintiff's new Verified Complaint alleges that detention of the vessel required Fuchuen Dihai to pay plaintiff $100,000.00 per day for detention damages, which is more $20,000.00 more per day than the original allegation presented in 2004 and, therefore, Plaintiff Transfield is now claiming detention damages of $2,475,000.00, exclusive of interest, arbitration costs and attorney's fees, instead of the original $1,980,000.00 requested in the 2004 Verified Complaint. *See*, Exhibit 9, Verified Complaint at ¶¶ 2-12.

35. No reason for this discrepancy has been provided. *Compare*, Exhibit 9, Verified Complaint ¶s 7, 12 and 19 *with* Exhibit 3, 2004 Verified Complaint at ¶s 6, 10 and 13.

36. Plaintiff Transfield now seeks, *in toto*, $3,889,316.39 including interest, costs and attorneys' fees.[1] *See*, Exhibit 9, Verified Complaint at ¶s 19 and B.

*Plaintiff alleges a cause of action for Breach of Settlement Agreement against Defemdant Fuchuen Dihai*

37. As set forth above, the Plaintiff Transfield's claim against Defendant Fuchuen Dihai is based on the allegation that that the parties negotiated a compromise settlement. *See*, Exhibit 9, Verified Complaint at ¶ 15.

---

[1] Part of this discrepancy is due to a change in the frequency at which the Plaintiff contends interest should be compounded in this matter. *Compare*, Exhibit 9, Verified Complaint at ¶19C ("8%, compounded quarterly) *with* Exhibit 3, 2004 Complaint at ¶ 13 C ("8% per annum).

8

38. Plaintiff Transfield further alleges that "Defendant Fuchuen Dihai has now denied the existence of the settlement and refused to pay the sum owed to Plaintiff under the agreement." *See*, Exhibit 9, Verified Complaint at ¶ 16.

39. Plaintiff Transfield's allegations against Defendant Fuchuen Dihai in the new Verified Complaint state a claim for breach of a settlement agreement, a non-maritime contract, and not for breach of charter party as asserted in the prior lawsuit.

### *Plaintiff alleges a cause of action for Alter Ego Liability against Defendant Zhejiang*

40. With its new Verified Complaint, the Plaintiff Transfield also seeks to impose liability on the Defendant Zhejiang for the same breach of the settlement agreement. *See*, Exhibit 9, Verified Complaint at ¶s 20-30.

41. Plaintiff's Verified Complaint seeks to impose liability on the Defendant Zhenjiang pursuant to the theory of alter-ego liability. *See*, Exhibit 9, Verified Complaint at ¶ 20.

42. The Plaintiff's allegations against the Defendant Zhejiang are formulaic and conclusory as set forth as follows:

> 20. Zhejiang Fuchuen is the alter-ego of Fuchuen Dihai because it dominates and disregards Fuchuen Dihai's corporate form to the extent that Zhejiang Fuchuen is actually carrying on Fuchuen Dihai's business and operations as it were it own, or vice versa.
> 21. Upon information and belief, Fuchuen Dihai has no separate identity from Zhejiang Fuchuen.
> 23. Upon information and belief, Fuchuen uses Zhejiang Fuchuen as a "paying agent" or "pass through" entity such that it can insulate itself from creditors relating to its contracts.
> 24. It is not general practice in the maritime community, nor anywhere else, for independent companies to make large payments on behalf of other independent companies.
> 25. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

> 26. Upon information and belief, Zhejiang Fuchuen makes payments on Fuchuen Dihai's behalf where Zhejiang Fuchuen has absolutely no contractual obligation to Fuchuen Dihai's creditors.
> 27. In the further alternative, Defendants are partners and/or joint venturers.
> 28. In the further alternative, Defendants are affiliated companies such that Zhejiang Fuchuen is now, or will soon be, holding assets belonging to Fuchuen Dihai, or vice versa.

*See*, Exhibit 9, Verified Complaint at ¶s 20, 21, 23, 24, 25, 26, 27 & 28.

43. Interspersed with the conclusory allegations, the Plaintiff Transfield makes only two thin factual allegations (one of which is only on information and belief) in support of its claim for alter ego liability as follows:

> 22. Defendants have the same exact address: United Centre 35th Floor, Room B, 95 Queensway Admiral, Hong Kong.
> 27. Upon information and belief, Zhejiang Fuchuen made a payment on Fuchuen Dihai's behalf with regards to the above agreement on May 18, 2004 in the amount of $284,192.00.

*See*, Exhibit 9, Verified Complaint at ¶s 22 & 27.

### *The Court Issued Process of Maritime Attachment and Garnishment against the Property of both Defendant Fuchuen Dihai and Defendant Zhejiang Fuchuen*

44. In its Verified Complaint, the Plaintiff Transfield once again requested the Issuance of a Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. *See*, Exhibit 9, Verified Complaint at ¶s 31 & 32.

45. An *Ex Parte* Order for Issuance of Process of Maritime Attachment and Garnishment was issued by Judge Pauley on May 30, 2007. *See*, Exhibit 10, *Ex Parte* Order for Process of Maritime Attachment.

46.     In accordance with the Order of Judge Pauley, the Clerk of the Court issued a Process of Maritime Attachment and Garnishment against the property of the defendants in the amount of $3,889,316.39 that could be found in the hands of garnishee banks in New York. *See*, Exhibit 11, Process of Maritime Attachment and Garnishment dated June 1, 2007.

### *EFT Payments have been restrained pursuant to the Process of Maritime Attachment and Garnishment.*

47.     Pursuant to the Process of Maritime Attachment, Plaintiff restrained $2,856,582.90 at Wachovia Bank on June 7, 2007. This attachment was made as the result of an Electronic Fund Transfer (hereinafter "EFT") from H&CS Holdings Pte Ltd. to Zhejiang as the ultimate beneficiary. *See*, Ex. 12, Answer to Process of Maritime Attachment of Wachovia National Bank Association.

48.     This left only $1,032,833.49 of Plaintiff's allegations against Zhejiang unsecured.

49.     However, subsequently, on or about June 8, 2007, Plaintiff secured another $3,050,000.00 and another $193,640.65 which was the subject of EFT payments being processed s at Standard Chartered Bank. *See*, Ex. 17, Answer of Garnishee Standard Chartered Bank in Response to Process of Maritime Attachment and Garnishment.

50.     This meant that $6,100,223.55 was now attached pursuant to the *Ex Parte* Process of Maritime Attachment and Garnishment in this matter.

51.     Plaintiff, being oversecured chose to release all but $645,675.74 of the first funds initially attached at Wachovia rather than release the latest attachment at

Standard Chartered Bank on June 13, 2007. *See*, Exhibit 14, June 13, 2007 email from attorney Lennon to attorney Duffy.

52. At the present time, funds in the amount of $645,675.74 are being restrained by garnishee, Wachovia, and funds in the amounts of $3,050,000.00 and $193,640.65 are being restrained by garnishee, Standard Chartered Bank. *See*, Ex. 17.

53. Each of the electronic fund transfers attached in this matter represent payments from or to Zhejiang as the ultimate beneficiary in regards to third parties who have no connection to the disputes between Transfield, Fuchuen Dihai or Zhejiang or to the charter of the M/V ALINA.

### *The Defendant Zhejiang has entered a Restricted Appearance pursuant to Supplemental Rule 8 and filed an Answer*

54. As soon as was practicable after Zhejiang became aware that EFT payments had been restrained by garnishees in New York pursuant to the Process of Maritime Attachment and Garnishment, Zhejiang filed a Restricted Appearance pursuant to Supplemental Rule E (8) and Zhejiang filed its Verified Answer with Affirmative Defenses to the Plaintiff's claim. *See*, Exhibit 15, Notice of Restricted Appearance dated June 14, 2007, *and see*, Exhibit 16, Verified Answer with Affirmative Defenses dated June 14, 2007, with Verification filed on June 15, 2007.

55. As set forth in its Verified Answer with Affirmative Defenses, Zhejiang denied any liability to Transfield and, instead, maintained that this Court does not have jurisdiction over it or any of the attached funds and that the Attachment should be vacated and the Complaint dismissed. *See*, Exhibit 16, Verified Answer with Affirmative Defenses dated June 14, 2007, with Verification filed on June 15, 2007.

56. In particular, it is noteworthy that the Plaintiff Transfield has an office in The People's Republic of China, the Defendant Zhejiang is based in The People's Republic of China, and the underlying allegations that led to the settlement agreement all occurred in the People's Republic of China.

57. Furthermore, as set forth above, the Defendant Zhejiang is owned by a foreign sovereign and, consequently, is immune from prejudgment attachment in this matter.

Dated: Port Washington, New York
June 27, 2007

*Owen E. Duffy*

Sworn to before me: ON JUNE 27, 2007

*Notary Public*

TIMOTHY SEMENORO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02SE6112804
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES JULY 12, 2008