**EXHIBITS TO AFFIDAVIT OF OWEN F. DUFFY**

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Judge Pauley**

-----------------------------------------------X

TRANSFIELD ER CAPE LIMITED ,                      :

               Plaintiff,                      :        04 Civ. _____ (      )

      - against -                                      :

FUCHUEN DIHAI SHIPPING CO.,                       :        **04 CV 04525**
LTD., HONG KONG,

              Defendant.                      :

-----------------------------------------------X

RECEIVED
JUN 10 2004
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

      Plaintiff, TRANSFIELD ER CAPE LIMITED (hereafter referred to as "Plaintiff" or

"Transfield"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified

Complaint against the Defendant, FUCHUEN DIHAI SHIPPING CO., LTD., HONG KONG

(hereafter referred to as "Defendant" or "Fuchuen"), alleges, upon information and belief, as

follows:

      1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

      2.      At all times material to this action, Plaintiff was, and still is, an entity duly

incorporated under the laws of British Virgin Islands with a principal place of business at 30

Harbour Road, Wanchai, Hong Kong.

      3.      Plaintiff is an operator of sea going vessels and is involved in the carriage and

delivery of bulk cargoes by sea.

4.      Upon information and belief, Defendant was, and still is, a corporation, or other business entity, organized under, and existing by virtue of, the laws of Hong Kong, with a principal place of business in Hong Kong.

5.      On or about November 28, 2003, Plaintiff and Defendant entered into a charter party whereby Plaintiff agreed to supply a sea going vessel to Defendant to carry a total volume of 170,000 metric tons of iron ore from one safe berth, one safe port at Ponta Do Ubu, Brazil to a final discharge at one or two safe berths, one safe port at Beilun, Peoples Republic of China. A copy of the charter party is attached hereto as Exhibit 1.

6.      Defendant was required to pay Plaintiff $33.50 per metric ton of cargo carried on the performing vessel. Defendant was further required, as per contract, to pay additional monies for use, or detention, of the Plaintiff's vessel in excess of the time permitted under the contract of charter. Detention of the vessel required that Defendant pay Plaintiff $80,000 per day.

7.      Plaintiff nominated the M/V "Alina" to perform the carriage of cargo contemplated by the charter party.

8.      Pursuant to the aforesaid agreement the Plaintiff employed the M/V "Alina" to perform the carriage of Defendant's cargo and this vessel arrived at the discharge port of Beilun, China on March 14, 2004. However, due to a shortage of storage capacity and barge availability the Defendant's cargo was not fully discharged from the M/V "Alina" until April 9, 2004.

9.      Based upon the foregoing, upon information and belief, and as best as may be presently estimated, the Plaintiff alleges that Defendant owes Plaintiff $1,980,000 in detention damages due to the 24.75 days of vessel detention which occurred at Beilun, China.

10. As a result of the Defendant's breach of the aforesaid maritime contract of charter, Plaintiff has suffered damages and loss in the total principal sum of $1,980,000.00 as best as may be presently estimated. Damages are exclusive of interest thereupon, costs, reasonable attorney's fees and other damages which may be sustained as a result of the Defendant's breach.

11. The charter party provides in Clause 42 that any disputes arising thereunder are to be arbitrated in London, England.

12. Plaintiff will shortly nominate its arbitrator.

13. Interest, costs and attorney's fees are routinely awarded to the prevailing party in London arbitration proceedings. As best as may now be estimated, Plaintiff expects to recover from the Defendant the following amounts in the arbitration:

A. Principal claim:                          $1,980,000;

B. 2 years interest at 8% per annum:         $316,800

C. Costs (arbitrators fees, etc...)          $25,000; and

D. Attorney's fees:                          $60,000.

14. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of Citibank, N.A., garnishee, which is believed to be due and owing to the Defendant.

15.    The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all of the Defendant's tangible or intangible property held by any garnishee, including Citibank, N.A., which are due and owing to the Defendant, up to the amount of $2,381,800 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

4

Dated:       New York, New York
             June 10, 2004


                         The Plaintiff,
                         TRANSFIELD ER CAPE LIMITED

                         By: _____
                         CHARLES E. MURPHY (CM 2125)
                         KEVIN J. LENNON (KL 5072)

                         TISDALE & LENNON, LLC
                         11 West 42nd Street
                         Suite 900
                         New York, NY 10036
                         (212) 354-0025 – phone
                         (212) 869-0067 – fax

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                 )     ss.:     Town of Southport
County of Fairfield  )

         1.      My name is Charles E. Murphy.

         2.      I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

         3.      I am an associate with the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

         4.      I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

         5.      The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a corporation with no officers or directors now within this District.

         6.      The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

         7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:        Southport, Connecticut
                 June 10, 2004

CHARLES E. MURPHY

6