**EXHIBITS TO AFFIDAVIT OF OWEN F. DUFFY**

**EXHIBIT 18**

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant
ZHEJIANG FUCHUEN CO. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:  516-767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TRANSFIELD ER CAPE LIMITED

       Plaintiff,                                                     07 CV 04528 (MGC)

  - against -

FUCHUEN DIHAI SHIPPING CO. LTD., and
ZHEJIANG FUCHUEN CO. LTD.

       Defendants,

------------------------------------------------------------x

## DECLARATION
## IN SUPPORT OF DEFENDANT'S MOTION
## TO VACATE PROCESS OF MARITIME ATTACHMENT

The undersigned, Weng Changrong, hereby declares under penalty of perjury as follows:

1. My full name is Weng Changrong, and I reside at Flat A; 18F, KwunTien Mansion, Taikoo Shing, Hong Kong.

2. I am the Managing Director of the Defendant Zhejiang Fuchuen Co. Ltd., and I have been the Managing Director of the corporation since February 15, 2007.

3. I submit this declaration in support the Defendant Zhejiang Fuchuen Co. Ltd.'s Motion to Vacate the Process of Maritime Attachment and Garnishment that was issued by this Honorable Court on May 30, 2007.

4. By reason of my position as Managing Director, I am fully familiar with the establishment, ownership, business makeup and operations of the Defendant Zhejiang Fuchuen Co. Ltd. and, therefore, I am qualified to make this declaration in support of the Defendant's Motion to Vacate the Process of Maritime Attachment and Garnishment that was issued by this Honorable Court on May 30, 2007.

5. Zhejiang Fuchuen Company Limited is a Chinese-owned enterprise, meaning a state owned enterprise, in Hong Kong representing the Zhejiang Province of The People's Republic of China. *See*, Ex. A, Certification from the Economic Affairs

Department of the Liaison Office of the Central People's Government in HK SAR, dated 18 June 2007.

6. Zhejiang Fuchuen Co. Ltd. acts as representative office in Hong Kong for The Zhejiang Provincial People's Government[1], and the corporation was established by The People's Government of Zhejiang Province in 1986 as a Foreign Trade Agency in order to develop the province's foreign economic and trade industry with the major goals stated to be: to collect economic information, to introduce foreign investment and advanced technological equipment, to undertake foreign contract projects and labor export, and to develop foreign economic and trade relationships. As stated in the Approval Notice of the Agreement to establish the company, Zhejiang Fuchuen Co. Ltd. was to be the "window" to and from the world for Zhejiang Province for the betterment of the people of Zhejiang Provice which is in furtherance of the governmental ambitions and goals of The Zhejiang Provincial People's Government, as opposed to being a commercial operation. *See*, Ex. B, Official documents showing the purposes for which the company was formed.

7. Zhejiang Fuchuen Co. Ltd. was originally established by The Zhejiang Provincial People's Government in Hong Kong pursuant to the Companies Ordinance under the name of Fuchuen Company Limited on April 18, 1986, but the name of the company was changed to Zhejiang Fuchuen Co. Ltd. and the company was re-registered

---

[1] The government of the People's Republic of China consists of 23 administrative divisions, or provinces, and Zhejiang is one of the 23 provinces of The People's Republic of China. The Zhejiang Provincial People's Government is subservient and answerable to the central government of The People's Republic of China.

3

in Hong Kong under its present name on February 17, 1987. *See*, Exhibit C, Certification of Incorporation on Change of Name.

8.   The Defendant Zhejiang Fuchuen Co. Ltd. is not a citizen of any of the states of the United States, and it was created and established under the laws of Hong Kong, which is a special administrative region of The People's Republic of China that is subject to The Basic Law of Hong Special Administrative Region of the People's Republic of China.

9.   The Defendant Zhejiang Fuchuen Co. Ltd. maintains its principal place of business at the Provincial Government Building, Shengfu Road, Huagzhou, The People's Republic of China, but, it maintains its the representative office at 35/F, United Centre, 95 Queensway, Hong Kong.

10.  When the company was initially incorporated, all of the capital was provided by The Zhejiang Provincial People's Government. *See*, Ex. D, Official documents showing that all of the paid up capital was paid by The Zhejiang Provincial People's Government.

11.  When the company was incorporated in its present name in 1989, there were 19,998 shares allotted and the nominal amount of the shares so allotted was $100.00.

12.  All of the capital shares of Zhejiang Fuchuen Co. Ltd. were, at that time and are still, owned by The Zhejiang Provincial People's Government, and all dividends and

interest payable in respect of those shares are paid to The Zhejiang Provincial People's Government.

13. As set forth in the attached Trust Deeds, the corporation's outstanding shares at this time amount to 100,000 shares. The shares belonging to Zhejiang Provincial People's Government are presently held in trust for the Government by two nominees. Tong Yungfang holds 66,668 fully paid shares of the corporation as nominee in trust for the benefit of The Zhejiang Provincial People's Government, and Tang Minqiang holds 33,332 fully paid shares of the corporation as nominee in trust for the benefit of The Zhejiang Provincial People's Government. This comprises all of the corporation's outstanding shares. *See*, Ex. E, Entrust Contract between the Zhejiang Provincial Government and trustees holding shares for the company; *and see*, Ex. F., Declarations of Trust singed by Tong Yunfang and Tang Minqiang.

14. The Officers and Directors of the Zhejiang Fuchuen Co. Ltd., including myself as Managing Director, are controlled and supervised by the Governor of the Provincial State of Zhejiang, who himself is appointed directly by the Central Governor in Beijing, The People's Republic of China, and all strategic decisions concerning the operation of the company are made by the Governor of the Provincial State of Zhejiang.

15. The Governor of the Provincial State of Zhejiang and his staff are in daily contact with Zhejiang, and the Governor will normally visit the offices of Zhejiang

Fuchen in Hong Kong twice a year. *See*, Ex. G, photographs from the Governor's last visit to the offices of Zhejiang Fuchuen.

16. Contrary to the allegations set forth in the Plaintiff's Verified Complaint, Zhejiang Fuchuen does not "dominate" the other Defendant, Fuchuen Dihai Shipping Ltd., which is an independent company registered in the British Virgin Islands.

17. With respect to the allegation that Fuchuen Dihai and Zhejiang Fuchuen share the same address, the point is irrelevant because there are more than 10 other companies that have offices sharing the same address as Zhejiang Fuchuen.

18. As managing director of Zhejiang Fuchuen Co. Ltd., I supervise a staff of approximately 20 persons, but I do not supervise or control any personnel of Fuchuen Dihai.

19. Zhejiang Fuchuen Co. Ltd. never entered into any contract with the Plaintiff Transfield ER Cape Limited, and Zhejiang Fuchuen Co. Ltd. never guaranteed any obligations of Fuchuen Dihai Shipping Co. Ltd. to the Plaintiff Transfield ER Cape Limited.

20. With respect to the allegation of Transfield that Zhejiang made a payment on behalf of Fuchuen Dihai with regard to the charter of the M/V ALINA, the allegation is true, but Zhejiang only made a small payment of a portion of the freight as a convenience

to Fuchen Dihai by reason of the fact that Zhejiang had shipped some cargo on board the vessel and was obligated to pay freight to Fuchuen Dihai.

21. Zhejiang Fuchuen Co. Ltd. is subject to the jurisdiction of the Courts of Hong Kong, and legal process from such courts can be served on Zhejiang Fuchuen Co. Ltd. in Hong Kong.

22. The EFT payments that have been attached in this action were all payments that were being made to or from Zhejiang Fuchen, and the co-defendant, Fuchuen Dihai, was not involved in any of the transactions pursuant to which EFT payments have been attached.

I do so declare under penalty of perjury under 28 U.S.C. § 1746 and the laws of the United States of America that the foregoing is true and correct.

Dated:   Hong Kong, SAR of The People's Republic of China
         June 25, 2007

By: _____
    Name: Weng Changrong
    Title:   Managing Director of Zhejiang Fuchuen Co. Ltd.