**EXHIBITS TO AFFIDAVIT OF OWEN F. DUFFY**

**EXHIBIT 9**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRANSFIELD ER CAPE LIMITED,

                Plaintiff,

   - against -

FUCHUEN DIHAI SHIPPING CO. LTD. and ZHEJIANG
FUCHUEN CO. LTD.,

                Defendants.
------------------------------------------------------------X



ECF CASE



## VERIFIED COMPLAINT

Plaintiff, TRANSFIELD ER CAPE LIMITED (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy, and Lennon, LLC, as and for its Verified Complaint against the Defendants, FUCHUEN DIHAI SHIPPING CO. LTD. ("FUCHUEN DIHAI") and ZHEJIANG FUCHUEN CO. LTD. ("ZHEJIANG FUCHUEN") (collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law.

    3.    Plaintiff is an operator of sea going vessels and is involved in the carriage and delivery of bulk cargoes by sea.

    4.    Upon information and belief, Defendant Fuchuen Dihai, was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

5. Upon information and belief, Defendant Zhejiang Fuchuen, was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was, and still is, at all material times the alter-ego, alias and/or paying agent of Fuchuen Dihai.

6. On or about November 28, 2003, Plaintiff and Defendant Fuchuen Dihai entered into a charter party whereby Plaintiff agreed to supply a sea going vessel to Defendant Fuchuen Dihai to carry a total volume of 170,000 metric tons of iron ore from one safe berth, one safe port at Ponta Do Ubu, Brazil to a final discharge at one or two safe berths, one safe port at Beilun, Peoples Republic of China.

7. Defendant Fuchuen Dihai was required to pay Plaintiff $33.50 per metric ton of cargo carried on the performing vessel. Defendant Fuchuen Dihai was further required to pay demurrage, or additional hire for use of the Plaintiff's vessel in excess of the time permitted under the contract of charter, at a rate set forth in the contract depending on the gross tonnage of the performing vessel. Detention of the vessel required that Defendant Fuchuen Dihai pay Plaintiff $100,000 per day.

8. Plaintiff nominated the M/V "Alina" to perform the carriage of the cargo contemplated by the charter party.

9. Pursuant to the aforesaid agreement the Plaintiff employed the M/V "Alina" to perform the carriage of Defendant Fuchuen Dihai's cargo and thus vessel arrived at the discharge port of Beilun, China on March 14, 2004.

10. Due to a shortage of storage capacity and barge availability the Defendant Fuchuen Dihai's cargo was not fully discharged from the M/V "Alina" until April 8, 2004 in breach of the agreement.

11. Disputes arose among the parties regarding Defendant Fuchuen Dihai's failure to pay detention due and owing to Plaintiff under the agreement.

12. As a result of Defendant Fuchuen Dihai's breach of the agreement, as best as may be reasonably approximated, Plaintiff sustained damages in the total principal amount of $2,475,000.00, exclusive of interest, arbitration costs and attorney's fees.

13. Pursuant to the agreement, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

14. Plaintiff commenced a prior action in this court under docket # 04 Civ. 4395 (WHP) and obtained an Ex-Parte Order of Maritime Attachment and Garnishment attachment against Defendant Fuchuen Dihai pursuant to Rule B of the Supplemental Admiralty Rules on June 17, 2004.

15. Subsequently, the parties negotiated a compromise settlement and the action was voluntarily dismissed *without prejudice*.

16. However, Defendant Fuchen Dihai has now denied the existence of the settlement and refused to pay the sum owed to Plaintiff under the agreement. The settlement agreement did not contain a jurisdiction clause.

17. Despite due demand Defendant Fuchuen Dihai has failed to pay the amounts due and owing under the agreement and has failed to adhere to the terms of the settlement.

18. In consequence of Defendant's denial of the settlement agreement, Plaintiff is in the process of recommencing the London arbitration under the November 28, 2003 charter party, pursuant to which all disputes between the parties are to be submitted to arbitration in London with English Law to apply.

3

19. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiff intends to claim the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $2,475,000.00 |
| B. | Estimated interest on claims:<br>5 years (2004-2009) at 8%, compounded quarterly | $1,204,316.39 |
| C. | Estimated attorneys' fees: | $150,000.00 |
| D. | Estimated arbitration costs/expenses: | $60,000.00 |
| **Total** | | **$3,889,316.39** |

20. Zhejiang Fucheun is the alter-ego of Fuchuen Dihai because it dominates and disregards Fuchuen Dihai's corporate form to the extent that Zhejiang Fucheun is actually carrying on Fuchuen Dihai's business and operations as if the same were its own, or vice versa.

21. Upon information and belief, Fuchuen Dihai has no separate identity from Zhejiang Fuchuen.

22. Defendants have the exact same address: United Centre 35th Floor, Room B, 95 Queensway Admiral, Hong Kong.

23. Upon information and belief, Fuchuen Dihai uses Zhejiang Fuchuen as a "paying agent" or "pass through" entity such that it can insulate itself from creditors relating to its contracts.

24. It is not general practice in the maritime community, nor any where else, for independent companies to make large payments on behalf of other independent companies.

25. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

26. Upon information and belief, Zhejiang Fuchuen makes payments on Fuchuen Dihai's behalf where Zhejiang Fuchuen has absolutely no contractual obligation to Fuchuen Dihai's creditors.

27. Upon information and belief, Zhejiang Fuchuen made a payment on Fuchuen Dihai's behalf with regards to the above agreement on May 18, 2004 in the amount of $284,192.56.

28. In the further alternative, Defendants are partners and/or joint venturers.

29. In the further alternative, Defendants are affiliated companies such that Zhejiang Fuchuen is now, or will soon be, holding assets belonging to Fuchuen Dihai, or vice versa.

30. In the alternative, "FUCHUEN DIHAI" is an alias of "ZHEJIANG FUCHUEN."

31. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

32. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$3,889,316.39** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That the court enter a judgment against the Defendant(s) on the parties' settlement agreement;

D.  That in the alternative and in the event that the court determines there is no settlement agreement between the parties that the Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

E.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

6

F.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
May 30, 2007

The Plaintiff,
TRANSFIELD ER CAPE LIMITED

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050
Fax (212) 490-6070
pfl@lenmur.com
nrp@lenmur.com

7

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     ) ss.:   Town of Southport
County of Fairfield  )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    Southport, CT
          May 30, 2007

                                    /s/ Nancy R. Peterson
                                    Nancy R. Peterson

8