**EXHIBITS TO AFFIDAVIT OF OWEN F. DUFFY**

**EXHIBIT 16**

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
ZHEJIANG FUCHUEN CO. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:       516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TRANSFIELD ER CAPE LIMITED,

          Plaintiff,                        07 CV 4528 (MGC)

     - against -                    **ANSWER WITH**
                                              **AFFIRMATIVE**
FUCHUEN DIHAI SHIPPING CO. LTD. and    **DEFENSES**
ZHEJIANG FUCHUEN CO. LTD.

          Defendants.

----------------------------------------------------------x

Defendant, ZHEJIANG FUCHUEN CO. LTD. (hereinafter "ZHEJIANG"), by and through its attorneys, CHALOS, O'CONNOR & DUFFY, LLP, and having entered a restricted appearance, pursuant to Rule E(8) of the Supplemental Rules For Certain Admiralty and Maritime Claims, submit this Verified Answer to Plaintiff's Verified Complaint, and alleges upon information and belief as follows:

1.    Denies the allegations contained in Paragraph "1" of Plaintiff's Verified Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "4" of Plaintiff's Verified Complaint.

5. Defendant ZHEJIANG admits that it was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law. Except as so specifically admitted, Defendant ZHEJIANG denies the remaining allegations set forth in Paragraph "5" of Plaintiff's Verified Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "6" of Plaintiff's Verified Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "8" of Plaintiff's Verified Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "10" of Plaintiff's Verified Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "12" of Plaintiff's Verified Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "13" of Plaintiff's Verified Complaint.

14. Admits the allegations contained in Paragraph "14" of Plaintiff's Verified Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15" of Plaintiff's Verified Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "16" of Plaintiff's Verified Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "17" of Plaintiff's Verified Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "18" of Plaintiff's Verified Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "19" of Plaintiff's Verified Complaint.

20. Denies the allegations contained in Paragraph "20" of Plaintiff's Verified Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "21" of Plaintiff's Verified Complaint.

22. Denies the allegations contained in Paragraph "22" of Plaintiff's Verified Complaint.

23. Denies the allegations contained in Paragraph "23" of Plaintiff's Verified Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "24" of Plaintiff's Verified Complaint.

25. Denies the allegations contained in Paragraph "25" of Plaintiff's Verified Complaint.

26. Denies the allegations contained in Paragraph "26" of Plaintiff's Verified Complaint.

27. Denies the allegations contained in Paragraph "27" of Plaintiff's Verified Complaint.

28. Denies the allegations contained in Paragraph "28" of Plaintiff's Verified Complaint.

29. Denies the allegations contained in Paragraph "29" of Plaintiff's Verified Complaint.

30. Denies the allegations contained in Paragraph "30" of Plaintiff's Verified Complaint.

31. Admits that Defendant ZHEJIANG cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Except as so specifically admitted, the Defendant ZHEJIANG denies the remaining allegations set forth in Paragraph "31" of the Verified Complaint are denied.

32. No answer is required to the statements contained in Paragraph "32" of Plaintiff's Verified Complaint.

## AS AND FOR AFFIRMATIVE DEFENSES

33. The Defendant, Zhejiang, repeats and restates all allegations made herein at paragraphs 1 through 32, and same are incorporated herein as if fully set forth.

### *First Separate and Complete Affirmative Defense*

34. The Verified Complaint fails to state a claim against the Defendant upon which relief may be granted.

### *Second Separate and Complete Affirmative Defense*

35. The Verified Complaint fails to state an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 and, therefore, this Honorable Court lacks subject matter jurisdiction to hear the Plaintiff's claim.

36. The Verified Complaint fails to state a valid "prima facie" admiralty claim against the Answering Defendant because the claim against the claim asserted against Defendant Fuchuen Dihai Shipping Ltd. is a claim for breach of a settlement agreement and a claim for breach of a settlement agreement is not an admiralty or maritime claim.

### *Third Separate and Complete Affirmative Defense*

37. The Plaintiff and Plaintiff's Verified Complaint fail to satisfy the requirements for a Supplemental Rule B maritime attachment.

5

38. The Plaintiff and Plaintiff's Verified Complaint fail to state a claim for alter-ego liability against the Defendant Zhejiang in that Plaintiff's allegations for alter-ego, partner and joint venture liability are conclusory and do not include any factual allegations that Zhejiang exercised complete domination over Co-Defendant Fuchuen Dihai Shipping Co. Ltd.

39. The Defendant Zhejiang is not the alter-ego, partner or joint venturer of the Co-Defendant Fuchuen Dihai Shipping Co. Ltd.

### *Fourth Separate and Complete Affirmative Defense*

40. This Court lacks personal jurisdiction over the Defendant Zhejiang, and the Plaintiff has failed to bring Defendant Zhejiang within the personal or *quasi in rem* jurisdiction of this Court.

41. The Defendant Zhejiang is not subject to personal jurisdiction in the United States Federal Court for the Southern District of New York or any other United States Federal Court in the United States.

42. The Defendant Zhejiang has not been properly served with legal process.

43. The alleged property, i.e. EFT payments, of the Defendant Zhejiang that has been restrained by garnishees in New York pursuant to the Writ of Attachment are not assets or property of the Defendant for the purposes of Rule B and, therefore, this Court lacks *quasi in rem* jurisdiction to continue with this case.

### *Fifth Separate and Complete Affirmative Defense*

44. The Defendant Zhejiang is an "agency or instrumentality of a foreign state" as defined by 28 U.S.C. § 1603(b) and, consistent with 28 U.S.C. § 1610(d), the Defendant Zhejiang is immune from prejudgment attachment of its assets used for commercial activity in the United States pursuant to the Foreign Sovereign Immunities Act.

45. The Defendant Zhejiang has not explicitly waived its entitlement to claim immunity from prejudgment attachment pursuant to the Foreign Sovereign Immunities Act.

### *Sixth and Complete Affirmative Defense*

46. The forum is inconvenient and Plaintiff's Verified Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### *Seventh Separate and Complete Affirmative Defense*

47. The Defendant Zhejiang did not owe any obligation, contractual or otherwise, to the Plaintiff, and the Defendant Zhejiang is not breach of any obligation, contractual or otherwise, to the Plaintiff.

### *Eighth Separate and Complete Affirmative Defense*

48. Any damages sustained by Plaintiffs, as alleged in the Plaintiff's Verified Complaint, which are denied, were proximately, directly, and solely caused

by the negligent acts of third persons over whom the Answering Defendant did not have any direction or control.

### Ninth Separate and Complete Affirmative Defense

49. Any damages claimed by Plaintiff, which are denied, were caused in part or in whole by the faults, actions or omissions of the Plaintiff and, therefore, Defendants are not responsible.

### Tenth Separate and Complete Affirmative Defense

50. Plaintiff herein has failed to mitigate its damages and, therefore, plaintiff is not entitled to recover any damages, which are denied, as alleged in the Verified Complaint.

### Eleventh Separate and Complete Affirmative Defense

51. This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

**WHEREFORE**, Defendant, ZHEJIANG FUCHUEN CO. LTD. demands judgment:

a) That the Verified Complaint be dismissed as against Defendant ZHEJIANG FUCHUEN CO. LTD. and that judgment be entered in favor of Defendant ZHEJIANG FUCHUEN CO. LTD.;

b) That this Court's <u>Ex Parte</u> Order for Process of Maritime Attachment be dissolved;

c) An Order directing all garnishees holding property of Defendant ZHEJIANG FUCHUEN CO. LTD. to release said property to the Order of ZHEJIANG FUCHUEN CO. LTD.;

d) Awarding Defendant ZHEJIANG FUCHUEN CO. LTD. their legal expenses and attorneys' fees incurred in defending the present action; and

e) Such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated: Port Washington, New York
June 14, 2007

                                             CHALOS O'CONNOR & DUFFY
                                             Attorneys for Defendant
                                             ZHEJIANG FUCHUEN CO. LTD.

By: _/s/ Owen F. Duffy_
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: 516-767-3600
Telefax: 516-767-3605
Email: ofd@codus-law.com

To:    Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiff
Transfield ER Cape Limited.
420 Lexington Avenue
Suite 300
New York, NY 10170

Attn:  Nancy R. Peterson, Esq.
Patrick F. Lennon

Tel:   (212) 490-6050
Fax:  (212) 490-6070

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
ZHEJIANG FUCHUEN CO. LTD.
366 Main Street
Port Washington, New York 110050
Telephone: 516-767-3600
Telefax: 516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRANSFIELD ER CAPE LIMITED,                :

        Plaintiff,                :       07 CV 4528 (MGC)

     - against -                :       **VERIFICATION**

FUCHUEN DIHAI SHIPPING CO. LTD. and    :
ZHEJIANG FUCHUEN CO. LTD.              :

        Defendants.                :
-----------------------------------------------------------x

STATE OF NEW YORK         :
                          : ss.
COUNTY OF NASSAU          :

    BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

    That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Defendant, ZHEJIANG FUCHUEN CO. LTD. (hereinafter "ZHEJIANG"), herein;

    That he has read the foregoing Answer with Affirmative Defenses and knows the contents thereof; and

That he believes the matters to be true based on documents and information obtained from employees and representatives of the Defendant ZHEJIANG through its agents, underwriters and attorneys.

The reason that this verification was made by deponent and not by the Defendant ZHEJIANG is because Defendant ZHEJIANG is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
June 17, 2007

By: _____

CHALOS, O'CONNOR & DUFFY
Attorneys for Defendant,
ZHEJIANG FUCHUEN CO. LTD.

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Telephone: 516-767-3600
Telefax:    516-767-3605

Subscribed and sworn to before me this
June 17, 2007

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2