Ex. B

**LAW OFFICES OF RAHUL WANCHOO** (RW-8725)
Attorneys for Defendant
Fuchuen Dihai Shipping Co. Ltd.
Empire State Building
350 Fifth Avenue, Suite 3304
New York, New York 10118
Phone: (201) 882-0303
Fax:    (201) 301-3576
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TRANSFIELD ER CAPE LIMITED

                    Plaintiff,

            - against -

FUCHUEN DIHAI SHIPPING CO. LTD., AND
ZHEJIANG FUCHUEN CO. LTD.

                    Defendants.

-------------------------------------------------------------X

ECF CASE

07 cv 4528 (MGC)

**ANSWER**

        Defendant, FUCHUEN DIHAI SHIPPING CO. LTD. ("Fuchuen Dihai") by its attorneys,

LAW OFFICES OF RAHUL WANCHOO, for its Answer to the Verified Complaint herein

alleges on information and belief as follows:

        1.        It denies the allegations contained in paragraph 1 of the Verified Complaint.

        2.        It denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of the Verified Complaint.

        3.        It denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 3 of the Verified Complaint.

        4.        It admits the allegations contained in paragraph 4 of the Verified Complaint.

5.      It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Verified Complaint.

6.      It admits the allegations contained in paragraph 6 of the Verified Complaint.

7.      It denies the allegations contained in paragraph 7 of the Verified Complaint except that Defendant, Fuchuen Dihai, admits that freight and demurrage was paid to Plaintiff as per the terms of the charter party dated on or about November 28, 2003.

8.      It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Verified Complaint.

9.      It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Verified Complaint.

10.     It denies the allegations contained in paragraph 10 of the Verified Complaint.

11.     It denies the allegations contained in paragraph 11 of the Verified Complaint.

12.     It denies the allegations contained in paragraph 12 of the Verified Complaint.

13.     It denies the allegations contained in paragraph 13 of the Verified Complaint, except that Defendant, Fuchuen Dihai, admits that all disputes arising under the charter party dated November 28, 2003 are to be decided by arbitration in London with English law to apply.

14.     It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Verified Complaint.

15.     It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Verified Complaint, except that Defendant, Fuchuen Dihai, admits that any and all disputes arising under the charter party dated on or about November 28, 2003 were settled between the Plaintiff and Defendant.

16.     It denies the allegations contained in paragraph 16 of the Verified Complaint.

17.     It denies the allegations contained in paragraph 17 of the Verified Complaint.

18.    It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Verified Complaint as they relate to the Plaintiff and deny the said allegations as they relate to Defendant, Fuchuen Dihai.

19.    It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Verified Complaint.

20.    It denies the allegations contained in paragraph 20 of the Verified Complaint.

21.    It denies the allegations contained in paragraph 21 of the Verified Complaint.

22.    It denies the allegations contained in paragraph 22 of the Verified Complaint.

23.    It denies the allegations contained in paragraph 23 of the Verified Complaint.

24.    It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Verified Complaint.

25.    It denies the allegations contained in paragraph 25 of the Verified Complaint.

26.    It denies the allegations contained in paragraph 26 of the Verified Complaint.

27.    It denies the allegations contained in paragraph 27 of the Verified Complaint.

28.    It denies the allegations contained in paragraph 28 of the Verified Complaint.

29.    It denies the allegations contained in paragraph 29 of the Verified Complaint.

30.    It denies the allegations contained in paragraph 30 of the Verified Complaint.

31.    It denies the allegations contained in paragraph 31 of the Verified Complaint, except that Defendant, Fuchuen Dihai, admits that it cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

32.    No answer is required to the statements contained in paragraph 32 of Plaintiff's Verified Complaint.

3

## FIRST AFFIRMATIVE DEFENSE

33.    Plaintiff's Verified Complaint fails to state a maritime cause of action for which relief can be granted pursuant to Supplemental Rule B and thus the Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

34.    Plaintiff is precluded from asserting claims based upon Defendant's alleged breach of the charter party agreement dated on or about November 28, 2003 by reason of a settlement agreement reached between the parties on or about April 28, 2005.

## THIRD AFFIRMATIVE DEFENSE

35.    This Court lacks personal jurisdiction over Fuchuen Dihai.

## FOURTH AFFIRMATIVE DEFENSE

36.    This action should be dismissed on the grounds of improper venue.

## FIFTH AFFIRMATIVE DEFENSE

37.    This action should be dismissed on the grounds of *forum non conveniens.*

## SIXTH AFFIRMATIVE DEFENSE

38.    This action should be dismissed for improper and insufficient service of process on Fuchuen Dihai.

## SEVENTH AFFIRMATIVE DEFENSE

39.    Fuchuen Dihai is not responsible for any damages claimed by Plaintiff, as they were caused in part or in whole by the faults, actions or omissions of the Plaintiff.

## EIGHT AFFIRMATIVE DEFENSE

40.    Plaintiff has failed to properly mitigate its damages.

4

WHEREFORE, Defendant, FUCHUEN DIHAI SHIPPING CO. LTD., prays that this Honorable Court dismiss Plaintiff's Verified Complaint and vacate the Order authorizing issuance of the Process of Maritime Attachment and Garnishment with costs and attorneys' fees, and that Defendant be granted such other and different relief as to this Court may seem just and proper.

Dated:    New York, New York
          June 22, 2007

                              LAW OFFICES OF RAHUL WANCHOO
                              Attorneys for Defendant
                              Fuchuen Dihai Shipping Co. Ltd.

                         By:_____Rahul Wanchoo_____
                              Rahul Wanchoo (RW-8725)

To:    Lennon, Murphy & Lennon, LLC
       Attorneys for Plaintiff
       Transfield ER Cape Limited.
       420 Lexington Avenue
       Suite 300
       New York, NY 10170

       Attn:    Nancy R. Peterson, Esq.
                Patrick F. Lennon

       Chalos, O'connor & Duffy, LLP
       Attorneys for Defendant,
       Zhejiang Fuchuen Co. Ltd.
       366 Main Street
       Port Washington, New York 110050

       Attn:    Owen F. Duffy, Esq.
                George E. Murray

5