20-MAY-2004 12:17 FROM WINTER SCOTT      TO 0085234051777     P.01/02

Exhibit 1
(10 pages)

# Winter Scott
## Solicitors

19-21 Great Tower Street
London EC3R 5AR
Telephone: + 44 (0)20 7648 2460
Fax: + 44 (0)20 7626 5591
DX: 518 London/City
E-mail: firstinitialsurname@winterscott.co.uk

## FAX TRANSMISSION

| | |
|---|---|
| DATE: | 20th May 2004 |
| TO: | 00 852 3405 1777 |
| | Fuchuen Dihai Shipping Co. Ltd. Hong Kong |
| | Lawrence Yeung Esq., Manager of Trading |
| FROM: | G D Winter |
| OUR REF: | GDW/ln/new |
| NUMBER OF PAGES: | 2 |

34051775
M: 9785/2136

CONFIDENTIALITY NOTICE: This facsimile is intended only for the addressee. It may contain privileged and/or confidential information. If you are not the intended recipient please inform us on the above telephone number immediately and do not disclose the contents or take copies.

Re: "ALINA" – C/P dd 28th November 2003

We should be grateful if you would note that we have been instructed on behalf of Transfield ER Cape Limited, Owners under the above Charterparty.

Our Clients have a claim against you in respect of damages for the vessel's detention at Beilun.

We understand that you are refusing to accept responsibility for the vessel's delay at Beilun. With respect, that refusal is wholly unjustifiable for the following reasons:-

1. The Charterparty expressly provides that the cargo was to be "*discharged by the Charterers or their Agents, free of any risk, liability and expense whatsoever to the Owners*" (as per clause 5(b)) and that C.Q.D (Customary Quick Despatch) terms were to apply on discharge (as per clause 23);

2. The effect of these provisions is that you were obliged to ensure that the cargo was discharged as fast as was possible in the circumstances prevailing at the discharge port; in this regard, we would refer you, for example, to London Arbitration 2/01 (which was, in fact, the writer's case). For these purposes, we would emphasise that Charterers will be held responsible insofar as any delay could have been avoided by any measures reasonably available to themselves, their Receivers or their respective Agents. Further, where one

Partners: Glenn Winter Ken Scott Michael Ellis Damian Wilkes Tim Houghton
Associates: Richard Varney (not admitted) Rachel Bellsham-Revell
Consultant: Heidi Shamsoddin
Regulated by the Law Society

VAT No GB 819 4174 16

1

method of discharge is unavailable, but other methods are available, Charterers will be liable unless they obtain and utilise one of the alternative methods; see, for example, *Rodenacker v. May & Hassell Ltd.* (1901) 6CC 37 in which it was held that, where it was not possible to use railway trucks to discharge logs (the usual method at the port), Charterers were under an obligation to arrange and discharge into lighters. Similarly, Charterers will be liable for delays which do not relate to the physical discharge of the cargo but which are connected with the warehousing, disposal or onward transportation of the cargo.

3.  It is clear from the documents that the vessel was, in fact, detained at Beilun because the Receivers did not have sufficient storage space available and because they failed to arrange adequate transportation to remove cargo from the port, so as to enable the cargo on board our Clients' vessel to be discharged. These are clearly matters for which Charterers are responsible.

4.  We also understand that part of the delay may have been attributable to a failure to provide import/export documentation or a failure to pay import tax: these matters are your responsibility; see, for example, clauses 5(b) and 41 of the Charterparty and *The Aello* [1961] A.C. 135.

In the circumstances, we see no realistic basis on which you can refuse to pay damages for detention.

We would therefore ask you to confirm, within 7 days, that you accept responsibility for the delay at Beilun. Failing such confirmation, we expect to be instructed to commence proceedings against you without further notice or delay. In that event, you will also be held liable for compound interest and costs (which will quickly become substantial).

We trust, however, that it will not be necessary for us to take such action and that you will confirm, within our deadline, that you will honour your obligations to pay damages for detention forthwith.

Yours faithfully,

Winter Scott

# Fax



SJ Latham
AWY Chan
RSY Lau
PJ Murray*
ES Woodruff*
DJ Beaves**
KCK Lee

PRC LAWYER
Z Chen

*Non resident partners
**Notary Public

Please contact ext 110 immediately if any part of this transmission is incorrectly received.

INTERNATIONAL LAW FIRM

Room 3801-6, 38th Floor
Asia Pacific Finance Tower
Citibank Plaza
3 Garden Road
Hong Kong

Tel +852 2877 3221
Fax +852 2877 2633
Email firstname.lastname@incelaw.com
www.incelaw.com

| From | Our Ref | Date |
|---|---|---|
| Simon Latham / Rory Macfarlane | SJL/RMcF/Alina | 21 May 2004 |
| To | Attention | Your Ref |
| Winter Scott | G D Winter | GDW/In/new |
| Total number of pages | Town/Country | Fax Number |
| 2 | London | + 44 207 626 5591 |
| Copies to | Attention/Ref | Town/Country/Fax Number |

Matter

*ALINA – C/P dated 28 November 2003*

We have been instructed by the Charterers of the above captioned vessel, Fuchuen Dihai Shipping Co. Ltd., in relation to your fax to them of 20 May 2004.

We have considered the contents of your fax but fail to see how your clients are able to justify their purported claim. It is accepted that the Charterparty dated 28 November 2003 ("the Charterparty") provides that C.Q.D. terms will apply to the discharge rate. You state that, as a result, our clients were obliged to ensure that the cargo was discharged from the vessel as fast as possible, and imply that they were under a duty to discharge by any method that was available. With respect, that overstates the legal effect of the clause.

It is well established that the phrase C.Q.D. imposes a requirement on Charterers that is qualified by the concept of reasonable diligence. Charterers will therefore be excused from liability for any delays provided that they have acted reasonably under the conditions prevailing at the time. Our client's maintain that they acted at all times with reasonable diligence and your letter provides no evidence to the contrary.

In paragraph (4) of your letter you state that you '*understand*' that there '*may*' have been a delay due to a failure to provide some unspecified import/export documentation or some un-particularised tax. We are instructed that there was no such failure and your understanding is incorrect.

3



21 May 2004

Our client's were not in any way responsible for the delays at Beijun, nor were they in breach of any term in the Charterparty. There is, therefore, no basis for your client's purported claim. The admission of liability you seek will not be forthcoming and we trust that this matter is now at an end.

Yours faithfully,

**Ince & Co**

4

```
29-NOV-2004  16:14   FROM  WINTER SCOTT              TO  0085228772633           P.01/02
```


# Winter Scott
Solicitors

19-21 Great Tower Street
London EC3R 5AR
Telephone: + 44 (0)20 7648 2460
Fax: + 44 (0)20 7626 5591
DX: 518 London/City
E-mail: firstinitialsurname@winterscott.co.uk

## FAX TRANSMISSION

DATE:           28th May 2004
TO:             00 852 2877 2633
                Ince & Co.,
                Simon Latham Esq. / Rory MacFarlane Esq. – Ref: SJL/RMcF/Alina

FROM:           G D Winter
OUR REF:        GDW/ln/82/52
NUMBER OF PAGES: 2

CONFIDENTIALITY NOTICE: This facsimile is intended only for the addressee. It may contain privileged and/or confidential information. If you are not the intended recipient please inform us on the above telephone number immediately and do not disclose the contents or take copies.

Re: "ALINA" – C/P dd 28th November 2003

We refer to your fax of 21st May.

We do not believe that any of the points you have raised will assist your Clients.

As we made clear in our fax of 20th May, Charterers will be held responsible for any delay which could have been avoided by any measures reasonably available to themselves, their Receivers or their respective agents and for any delay which was caused, not by any problems in the physical discharge of the cargo, but by problems connected with the warehousing, disposal or onward transportation of the cargo. In these circumstances, even if Charterers themselves acted with reasonable diligence (which is certainly not admitted), they will still be held liable as the vessel was detained because their Receivers did not have sufficient storage space available and because of problems in removing cargo from the port after discharge: these were not matters for which our Clients accepted responsibility or for which your Clients can avoid liability by reference to CQD terms applying to a discharge rate.

The position with regard to the import/export documentation/import tax will no doubt become clear in due course.

Partners: Glenn Winter Kee Scott Michael Biltcliffe Damian Wilson Tim Hoogbosch
Associates: Rachael Verney (not admitted) Rachel Dellinson-Revell
Consultants: Heidi Bloomenthal
Regulated by the Law Society

VAT No GB 812 4274 16

In the circumstances, we are disappointed that your Clients are not prepared to admit liability. That, no doubt, may result in them being held liable for substantial costs in due course.

Yours faithfully,

Winter Scott

Page 2 of 2

# Fax



SJ Latham
AWY Chan
RSY Lau
PJ Murray*
ES Woodruff*
DJ Beaves**
KCK Lee

PRC LAWYER
Z Chen

*Non resident partners
**Notary Public

INTERNATIONAL LAW FIRM

Room 3801-6, 38th Floor
Asia Pacific Finance Tower
Citibank Plaza
3 Garden Road
Hong Kong

Tel +852 2877 3221
Fax +852 2877 2633
Email firstname.lastname@incelaw.com
www.incelaw.com

Please contact ext 110 immediately if any part of this transmission is incorrectly received.

| From | Our Ref | Date |
|---|---|---|
| Simon Latham / Rory Macfarlane | SJL/RMcF/fy (04.0391) | 4 June 204 |
| To | Attention | Your Ref |
| Winter Scott | G D Winter | GDW/In/new |
| Total number of pages | Town/Country | Fax Number |
| 1 | London | + 44 207 626 5591 |
| Copies to | Attention/Ref | Town/Country/Fax Number |

Matter

*ALINA – C/P dated 28 November 2003*

Thank you for your fax of 28 May 2004, the contents of which we note.

Our clients are not prepared to admit any liability since there is no case to answer. In the circumstances, there is no cause for you or your clients disappointment. Your correspondence thus far seeks to advance a claim without any basis or substance. In addition, you have provided no detailed particulars setting out what your clients propose that our clients should have done. It is clear from the contemporary documentation that *Alina* was one of many vessels that were delayed and in a line-up at the port of Beilun. There were no alternative methods of discharge available to our clients. This situation is therefore factually very different to that in *Rodenacker v May & Hassell Limited [1901]*. Your reliance upon it is therefore misplaced.

Our clients are not prepared to spend any further time or money in dealing with a matter which they view to be no more than a "nuisance claim". If your clients choose to proceed to arbitration, then that is a matter for them. They should however be aware that any claim brought in arbitration will be defended.

Yours faithfully,

Ince & Co
R:\04.0391\RMcF-fax\Winter Scott002

HAMBURG   HONG KONG   LE HAVRE   LONDON   PARIS   PIRAEUS   SHANGHAI   SINGAPORE

03-AUG-2004 18:49   FROM WINTER SCOTT   TO 0085228772633   P.01/01



**Winter Scott**
Solicitors

COPY

19-21 Great Tower Street
London EC3R 5AR
Telephone: + 44 (0)20 7648 2460
Fax + 44 (0)20 7626 5591
DX: 518 London/City
E-mail: firstinitialsurname@winterscott.co.uk

## FAX TRANSMISSION

| | |
|---|---|
| DATE: | 3 August 2004 |
| TO: | 00 852 2877 2633 |
| | Ince & Co. |
| | Simon Latham Esq. / Rory MacFarlane Esq. – Ref: SJL/RMcF/Alina |
| COPY TO: | 01980 630467 |
| | BDI McKenzie, Esq |
| FROM: | Glenn Winter / Tim Houghton |
| OUR REF: | GDW/tn/82/52 |
| NUMBER OF PAGES: | 1 |

CONFIDENTIALITY NOTICE: This facsimile is intended only for the addressee. It may contain privileged and/or confidential information. If you are not the intended recipient please inform us on the above telephone number immediately and do not disclose the contents or take copies.

Re: "ALINA" – C/P dd 28th November 2003

We refer to our previous correspondence.

Please note that we have today appointed BDI McKenzie as Disponent Owners' arbitrator in respect of all claims, disputes and counterclaims arising out of or in connection with the charterparty dated 28th November 2003 pursuant to clause 42 of the same. Mr McKenzie's contact details are as follows:

B.D.I. McKenzie
The Old Vicarage, Upavon, Wiltshire SN9 6AA
Telephone: 01980 630757 Fax 01980 630467

We hereby call upon you to appoint a second arbitrator in accordance with clause 42.

Yours faithfully
WINTER SCOTT

Partners: Glenn Winter Ken Scott Michael Ellis Damian Willes Tim Houghton
Associates: Richard Verney (not admitted) Rachel Belsham-Revell
Consultant: Heidi Shamsuddin
Regulated by the Law Society

VAT No GB 819 4174 16

TOTAL P.01

TOTAL P.03

8

# Fax





**DRAFT**

SJ Latham
AWY Chan
RSY Lau
PJ Murray*
ES Woodruff*
DJ Beaves**
KCK Lee
PRC LAWYER
Z Chen
*Non resident partners
**Notary Public

INTERNATIONAL LAW FIRM

Room 3801-6, 38th Floor
Asia Pacific Finance Tower
Citibank Plaza
3 Garden Road
Hong Kong

Tel +852 2877 3221
Fax +852 2877 2633
Email firstname.lastname@incelaw.com
www.incelaw.com

Please contact ext 110 immediately if any part of this transmission is incorrectly received.

| From | Our Ref | Date |
|---|---|---|
| Simon Latham / Rory Macfarlane | SJL/RMcF/fy (04.0391) | 11 August 2004 |
| To | Attention | Your Ref |
| Winter Scott | Glenn Winter/Tim Houghton | GDW/In/82/52 |
| Total number of pages | Town/Country | Fax Number |
| 1 | London | + 44 207 626 5591 |
| Copies to | Attention/Ref | Town/Country/Fax Number |

Matter

***ALINA – C/P dated 28 November 2003***
**Appointment of Arbitrator**

We refer to our previous correspondence and write to confirm that Charterers have today appointed Mr M J Baker-Harber as their arbitrator in respect of all claims, disputes and counter-claims arising out of, or in connection with, the Charterparty dated 28 November 2003. The appointment of Mr Baker-Harber is made under clause 42 of the said Charter.

Mr Baker-Harber's contact details are as follows:-

M. J. Baker-Harber
25 Ives Street, London SW3 2ND
Tel : +44 207 589 9996 or +44 207 584 1444
Fax : +44 207 584 1588

Mr Baker-Harber is a member of the LMAA and his details can be found on their website if he is not already known to you.

Regards,

Simon Latham/Rory Macfarlane
Ince & Co
R:\04.0391\RMcF-fax\Winter Scott004

HAMBURG    HONG KONG    LE HAVRE    LONDON    PARIS    PIRAEUS    SHANGHAI    SINGAPORE

# Fax



SJ Latham
AWY Chan
RSY Lau
PJ Murray*
ES Woodruff*
DJ Beaves**
KCK Lee

PRC LAWYER
Z Chen

*Non resident partners
**Notary Public

FAX OUT
19 AUG 2004

INTERNATIONAL LAW FIRM

Room 3801-6, 38th Floor
Asia Pacific Finance Tower
Citibank Plaza
3 Garden Road
Hong Kong

Tel +852 2877 3221
Fax +852 2877 2633
Email firstname.lastname@incelaw.com
www.incelaw.com

Please contact ext 110 immediately if any part of this transmission is incorrectly received.

| From | Our Ref | Date |
|---|---|---|
| Simon Latham / Rory Macfarlane | SJL/RMcF/fy (04.0391) | 19 August 2004 |

| To | Attention | Your Ref |
|---|---|---|
| Winter Scott | Glenn Winter/Tim Houghton | GDW/In/82/52 |

| Total number of pages | Town/Country | Fax Number |
|---|---|---|
| 2 | London | + 44 207 626 5591 |

| Copies to | Attention/Ref | Town/Country/Fax Number |
|---|---|---|
| | | |

Matter

**Fuchen Dihai Shipping Co Ltd v Transfield ER Cape Limited**
*ALINA – C/P dated 28 November 2003*

We write further to our fax of 12 August 2004, pursuant to which Mr Michael Baker-Harber was appointed as Charterers' arbitrator in respect of the above captioned matter.

We write to express our surprise, and disappointment, that your clients have elected to commence arbitration. Prior to the commencement of arbitration, you sent just two faxes to our clients/ourselves dated 20 May 2004 and 28 May 2004. In neither of these faxes did you particularise your clients' claim to any significant degree. Instead, you simply asked our clients to "*accept responsibility*" for your clients' damages in detention, without giving any indication of the quantum of your clients' claim.

It would have greatly assisted us, and our clients, to evaluate the issues in dispute if you had provided the particulars of your clients' claim <u>before</u> proceeding to arbitration. Instead, no proper particulars, nor even a figure for the quantum of your clients' claim, have yet been provided. In proceeding in this manner, your clients have ignored the principles that are now embodied in the Overriding Objective and Pre-action Protocols of the Civil Procedure Rules. Although the CPR is not directly applicable to an arbitration, the Overriding Objective and Pre-action Protocols nonetheless reflect what is considered to be the good practice and the proper conduct that parties should adopt in relation to a dispute that is proceeding by arbitration. We also note that notwithstanding the commencement of the arbitration, no claim submissions have been served. We therefore find ourselves in a position having

HAMBURG    HONG KONG    LE HAVRE    LONDON    PARIS    PIRAEUS    SHANGHAI    SINGAPORE

10



19 August 2004

to advise our clients "*in the dark*", based only on our best estimate of what your clients eventual claim might be.

Our clients are an entirely reputable business and will respond to a proper claim and discharge their legal obligations as may be established. In the circumstances, we now call upon you to serve fully particularised claim submissions, duly supported with all the requisite documentation, or to withdraw the reference to arbitration.

Best regards,

Simon Latham/Rory Macfarlane
Ince & Co
R:\04.0391\RMcF-fax\Winter Scot005

TOTAL P.04

11