5 Shenton Way #19-01
UIC Building
Singapore 068808
Phone: +65 6225 4020
Fax: +65 6225 4022
E-mail: prodgers@rodgersco.com

**Rodgers & Co Solicitors (Asia) Pte Ltd**



# Fax

| | | | |
|---|---|---|---|
| **To:** | Patrick O'Donovan | **From:** | Paul Rodgers |
| **Fax:** | +44 20 8977 3052 | **Pages:** | 2 + 4 |
| | | | |
| **Cc:** | Skuld (Far East) Ltd | **Date:** | 25 June 2007 |
| **Attn:** | Nicola Mason | **Our Ref:** | PRR/ay/1043 |
| **Fax:** | +852 (2836) 3219 | | |

Dear Sir,

Re: Alina - c/p dd 28th November 2003

We have been instructed by Fuchuen Dihai Shipping Co. Ltd. who were the charterers under the above captioned fixture. We understand that Skuld (Far East) Ltd., acting on behalf of their member Transfield ER Cape Limited (owner under the above captioned fixture) have purported to appoint you as arbitrator in respect of all disputes arising under or in relation to the charterparty. We have been passed a copy of Skuld's e-mail dated 28th May to Fuchuen Dihai Shipping Co. Ltd.

We and our clients are at a loss to understand what the purported appointment relates to. It is correct that various disputes arose between charterers and owners in relation to the charterparty. In 2004 Winter Scott, acting on behalf of owners, appointed B.D.I. McKenzie as owners' arbitrator in respect of all claims, disputes and counterclaims arising out of or in connection with the charterparty. Ince & Co (who were then acting for charterers) in turn appointed M.J. Baker-Harber. We attach copies of the two letters of appointment.

The disputes were subsequently settled by the parties as confirmed by Winter Scott's fax to Mr. McKenzie of 6th July 2005 (erroneously dated 2006) which was copied to both Ince & Co. and Mr. Baker-Harber and Ince & Co's fax 8 July 2005. We enclose a copy of that fax.

In the circumstances we and our clients believe that there is no subsisting agreement to arbitrate between owners and charterers and/or that any and all disputes arising out of or connected with the charterparty have already been resolved. It follows that if (which is denied) there is any subsisting arbitration agreement there are nonetheless no outstanding disputes to be referred to arbitration. For the avoidance of doubt we should point out that the settlement between the parties was recorded in an exchange of correspondence. There is no formal settlement agreement and it follows that there can be no question of disputes relating to the settlement agreement being referred to arbitration.

We invite Skuld (who are reading this in copy) to confirm that they withdraw and abandon the alleged arbitration which they have purported to commence. If they fail to do so we reserve all of our clients' rights in relation to the purported reference and in relation to your (alleged) jurisdiction. So far as we and

In association with B.J. Macfarlane & Co, London

Rodgers & Co Solicitors (Asia) Pte Ltd					June 25, 2007

our clients can see there can be no basis upon which you can have any substantive jurisdiction over our clients. For the avoidance of doubt our clients reserve the right to make such application as may be appropriate pursuant to s.30 and/or s.33 of the 1996 Act and/or to take no part in the arbitration and either make an appropriate application under s.72 or simply challenge any award you may make.

If Skuld refuse to withdraw/abandon the alleged arbitration which they have purported to commence we invite them to clarify by return the precise basis upon which they claim to be entitled to commence and prosecute any arbitration against charterers.

Kind regards

Paul Rodgers
Solicitor

● Page 2