# CHALOS, O'CONNOR & DUFFY

*ATTORNEYS AT LAW*

Michael G. Chalos
Eugene J. O'Connor
George M. Chalos
Owen F. Duffy
Charles S. Cumming
Leroy S. Corsa
Timothy Semenoro*
Brian T. McCarthy
George E. Murray
Michael P. Siravo

*Admitted in NJ

366 MAIN STREET
PORT WASHINGTON, NEW YORK 11050-3120

TELEPHONE (516) 767-3600
TELECOPIER (516) 767-3605 & 3925
WEBSITE: WWW.CODUS-LAW.COM

Owen F. Duffy
Partner
ofd@codus-law.com

July 13, 2007

Honorable Miriam Goldman Cedarbaum
United States District Judge
Southern District of New York                   *By FedEx*
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Chambers Room 1330
New York, New York 10007

Re: Transfield ER Cape Ltd. v. Fuchuen Dihai Shipping Co. Ltd.
And Zhejiang Fuchuen Co. Ltd.
S.D.N.Y. 07 Civ. 4529 (MGC)

Dear Judge Cedarbaum:

We represent the defendant, Zhejiang Fuchuen Co. Ltd. in the above-captioned matter. As the Court will recall, this matter involves an action that was initiated to make use of the Rule B Maritime Attachment Procedure whereby a maritime claimant may secure a pre-judgment attachment of a defendants assets even thought he underlying claim will not be litigated in the U.S. and, otherwise, does not have any real connection with the United States.

In the case at hand, and following a conference with the Court on June 26, 2007, the defendants filed their respective motions. Defendant, Zhejiang Fuchuen (whose funds in the amount of $3,889,316.39 have been restrained on the basis of an alter ego allegation) filed its motion to vacate the attachment on June 29, 2007. The defendant, Fuchuen Dihai, filed its motion to dismiss on July 2, 2007. In accordance with the local rules for motions, i.e. L.R. 6.1(b), any opposition should be filed within ten business days, meaning on July 16th and 17th. On July 11, 2007, however, the plaintiff, Transfield ER Cape Ltd., requested the Court to enlarge the time for plaintiff to respond to the defendant's motion to Vacate Maritime Attachment and the co-defendant's motion for dismissal. The plaintiff further requested the Court to "order" defendant Zhejiang to produce documents before it was required to respond to the motions. With

CHALOS, O'CONNOR & DUFFY LLP

this letter, we respectfully submit that neither of the plaintiff's requests are warranted and they should be denied. Instead, the plaintiff should be required to respond to the motions as provided for in the Local Rules.

As an initial point, the plaintiff's request for production of a Chinese document entitled an Agreement is moot and irrelevant. The point is moot because the defendant Zhejiang Fuchuen has provided the plaintiff's counsel with a translation of the page that was presented and the plaintiff's counsel has been advised that the remainder of the document is not readily available. It is, apparently, an old document that was attached to some others and merely reflects that Chinese governmental entities were involved as investors when the predecessor company Fu Chun Ltd. was established. Any suggestion that the initial terms of the agreement undermine Zhejiang Fuchuen's claim to sovereign immunity are more than offset by the reference on the same page at issue which goes on to state:

> The Company's mission is to promote the development in economy, trade, technology, tourism, labor, transportation and investment between Zhejiang province and the rest of Hong Kong and the rest of the world to serve our province's (i.e. The Provincial Government of Zhejiang Province) opening to the outside and our four-modernization construction.

That is the point that the document was presented to evidence.

Whereas plaintiff's counsel suggests that the full document will demonstrate which organizations were original investors of the predecessor company, the point being chased is absolutely of no consequence. As is evident from the document, it relates to the original investors and purposes of the company known as "Fu Chun Co. Ltd.", and not the defendant Zhejiang Fuchuen Co. Ltd. Separate and apart from the document at issue, Zhejiang Fuchuen Co. Ltd. has produced more than sufficient other evidence to establish that it is now owned entirely by the People's Government of Zhejiang Province and, therefore, entitled to sovereign immunity. In this regard, it is important to point out that: (1) direct ownership of a majority of shares by the foreign state satisfies the requirements of the Foreign Sovereign Immunities Act; and, (2) for purposes of the Foreign Sovereign Immunities Ac, instrumentality status is determined at the time of the filing of the complaint. Dole Food Company, et al v. Gerardo Dennis Patrickson, et al, 538 U.S. 468, 473 & 480 (2003). Accordingly, the plaintiff's request for a full document that is neither available nor relevant to the dispositive issue of whether a majority of shares are owned by a foreign state at the time the complaint was filed should be denied.

Turning to the plaintiff's request for a copy of a contract pursuant to which defendant Zhejiang Fuchuen was making a payment to the Sang Thai Shipping Agency, the request is completely not appropriate. In essence, the plaintiff is seeking pre-trial discovery to support its allegations. However, the defendant Zhejiang Fuchuen is moving pursuant to the Supplemental Rules of Admiralty and Maritime claims. In that posture, at a Rule E(4) hearing, the plaintiff bears the burden of establishing a prima facie case against the defendant and "plaintiff cannot demand discovery in order to test the assertions contained in the defendant's declarations." See, Meridian Bulk Carriers, Ltd. v. Lamed Investment & Trade Co. Ltd. and I.C.S. (121) Ltd., 07 Civ. 987 (BSJ)(S.D.N.Y. July 6, 2007).

CHALOS, O'CONNOR & DUFFY LLP

2

To sum up, there are no valid reasons for the plaintiff to be requesting documents to defend a motion to vacate a process of maritime attachment and there is no valid reason for the plaintiff to be requesting an enlargement of time to respond to the motion. Accordingly, the plaintiff's requests should be denied.

Respectfully submitted,

CHALOS, O'CONNOR & DUFFY

Owen F. Duffy

Cc: Lennon, Murphy & Lennon LLP
Attorneys for Plaintiff, Transfield ER Cape Limted
420 Lexington Avenue, Suite 300
New York, New York 10170                *By FedEx*

Telephone: 212-490-6050
Telefax:   212-490-6070

Attn: Patrick F. Lennon, Esq.

Cc: Law Offices of Rahul Wanchoo
Attorneys for Defendant, Fuchuen Dihai Shipping Co. Ltd.
Empire State Building
350 Fifth Avenue, Suite 3304            *By FedEx*
New York, New York 10118

Telephone: 201 882-0303
Telefax:   201 301-3576

Attn: Rahul Wanchoo, Esq.