EXHIBIT 6

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
                                  :
SARKU ENGINEERING SERVICES        :
SDN BHD,                          :
                                  :    06 Civ. 13359 (LAP)
                Plaintiff,        :
                                  :    ORDER
        v.                        :
                                  :
PT JAWA TIRTAMARINE,              :
                                  :
                Defendant.        :
                                  :
---------------------------------x
```

LORETTA A. PRESKA, U.S.D.J.

Counsel for the parties appeared on January 19, 2007 for oral argument on Defendant's motion to vacate the attachment of certain funds by Citibank. Defendant raises three arguments in support of its motion.

First, Defendant contends that the attachment should be vacated under <u>Seamar Shipping Corp. v. Kremikovtzi Trade Ltd.</u>, No. 06 Civ. 5507, 2006 WL 3335578, at *4 (S.D.N.Y. Nov. 17, 2006), because the disputed funds did not belong to the Defendant. Specifically, Defendant asserts that the disputed funds were the property of a third party-transferor at the time of the attachment, notwithstanding the fact that the Defendant-transferee was the ultimate beneficiary of the transaction. This argument is misplaced because, under <u>Winter Storm Shipping Ltd. v. TPI</u>, 310 F.3d

1

262, 276 (2d Cir. 2002), and its progeny, electronic funds transfers to or from a party are attachable as they pass through intermediary banks in the court's jurisdiction. See, e.g., Dominion Bulk Int'l, S.A. v. Naviera Panoceanica, S.A.C., No. 06 Civ. 6854, 2006 WL 3408799, at *3 (S.D.N.Y. Nov. 21, 2006).

Second, Defendant contends that the attachment should be vacated under Reibor Int'l Ltd. v. Cargo Carriers (KACZ-CO) Ltd., 759 F.2d 262, 267-68 (2d Cir. 1985), because Citibank did not have the disputed funds in its possession at the time the Process of Maritime Attachment and Garnishment ("PMAG") was initially served by Plaintiff. Defendant's position that service of a PMAG more than once is improper is without support. Absent any inappropriate conduct by the party seeking the attachment and the bank with the disputed funds (and Defendant alleges no such conduct between Plaintiff and Citibank here), the Court of Appeals has held that an attachment pursuant to subsequent service of a PMAG is valid. See, e.g., Winter Storm, 310 F.3d at 274 n.7; Maersk, Inc. v. Neewra, Inc., 443 F. Supp. 2d 519, 528-29 (S.D.N.Y. 2006) (applying Winter Storm and declining to vacate an attachment pursuant to the subsequent service of a PMAG several months after the initial service of that PMAG).

2

Third, Defendant asserts that the attachment should be vacated under Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 436 (2d Cir. 2006), because the Defendant is subject to suit in a convenient adjacent jurisdiction. This argument is also misplaced because the Court of Appeals "narrowly circumscribed" this basis for vacating an attachment order and stated that "[a]n across the river case where, for example, assets are attached in the Eastern District but the defendant is located in the Southern District is a paradigmatic example of a case where an attachment should be vacated." Id. This Court rejects the invitation to apply this limited exception to the instant case, where Plaintiff and Defendant have operations in neighboring countries half-way around the world, in Malaysia and Indonesia, respectively.

Accordingly, Defendant's motion to vacate the attachment is denied.

SO ORDERED:

DATED:   January 22, 2007
         New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.

3