UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRANSFIELD ER CAPE LIMITED,                    :

                                    Plaintiff,    :    07 CV 04528 (MGC)

                                                  :    ECF CASE
      - against -                                    :

                                                   :
FUCHUEN DIHAI SHIPPING CO. LTD. and ZHEJIANG :
FUCHUEN CO. LTD.,                              :

                                                   :

                                  Defendants.    :
-------------------------------------------------------------------X

### DECLARATION OF CHRIS HOWSE IN OPPOSITION TO
### DEFENDANTS' MOTIONS TO VACATE MARITIME ATTACMENT

      Chris Howse declares under penalty of perjury of the laws of the United States of America as follows:

      1.      I am a partner in the Hong Kong office of Richards Butler, English counsel to the Plaintiff in this action, Transfield ER Cape Limited ("Transfield") and I make this declaration based upon my own personal knowledge an upon documents that I believe to be true and accurate.

      2.      In support of Transfield's allegation that the defendants Fuchuen Dihai Shipping Co. Ltd. ("Fuchuen Dihai") and Zhejiang Fuchuen Co. Ltd. ("Zhejiang Fuchuen")(collectively as "Fuchuen Companies") are alter egos of one another, I undertook to investigate the two companies in Hong Kong. I obtained documentation from the Hong Kong Companies Registry, which is part of the Hong Kong Government. *See Companies Registry Annual Return for Defendant Fuchuen Dihai attached as Exhibit 1 and for Defendant Zhejiang Fuchuen attached as Exhibit 2.* The information filed at Companies Registries will have been filed by the

companies concerned.   If there is a mistake and the documentation does not reflect the correct

position, it was a mistake made by the two Fuchuen Companies for which they and they alone

are responsible.

        3.      My company search revealed several material facts, including that Fuchuen Dihai

is 65% owned by Zhejiang Fuchuen. *See Companies Registry Annual Return for Defendant*

*Fuchuen Dihai attached as Exhibit 1*.   That is, the corporate records reveal that "ZHEJIANG

FUCHUEN COMPANY LIMITED" currently holds 65,000 of Fuchuen Dihai's 100,000 total

outstanding shares.  *Id.*   It is noteworthy that Fuchuen Dihai misrepresented the close

relationship between the defendants when it filed its Amended Rule 7.1 Statement with this

Court.   That Statement provided that "defendant Fuchuen Dihai Shipping Co. Ltd. represents to

this Honorable Court that said defendant does not have a corporate parent and any publicly held

corporation that owns 10% or more of its stock." *See Fuchuen Dihai's Amended Rule 7.1*

*Statement attached as Exhibit 3*.   As explained above, Fuchuen Dihai's denial that it is

controlled by a corporate parent is patently false because the corporate records prove that

Zhejiang Fuchuen is the majority shareholder of Fuchuen Dihai and, as such, has a controlling

interest over Fuchuen Dihai.

        4.      The corporate records for Zhejiang Fuchuen revealed that it is owned by three

men, *i.e.*, Tong Yunfang, Yuan Mingguan and Tang Mingqiang, and not by an instrumentality

of the Chinese government. *See Companies Registry Annual Return for Zhejiang Fuchuen*

*attached as Exhibit 2*.

        5.      The corporate records also revealed that both Fuchuen Dihai and Zhejiang

Fuchuen share the identical business address and share the same office space.   Specifically, both

Fuchuen Dihai and Zhejiang Fuchuen are located at 35th Floor, United Centre, 95 Queensway, Hong Kong. *See Exhibits 1 and 2.*

6.      Furthermore, the corporate records indicated that both Fuchuen Dihai and Zhejiang Fuchuen share either the same telephone number 3405 1888 and same fax number 3405 1777 or an overlap in personnel. This is because the person identified in the Companies Registry report at Section 6 "Presentor's Reference", *i.e.*, Ms. Yang Cui, is specifically named as the "Presentor" for both Fuchuen Dihai and Zhejiang Fuchuen with the recorded address at 35th Floor, United Centre, 95 Queensway Hong Kong with the telephone number 3405 1888 and fax number 3405 1777. *Id.*

7.      I have attached color photographs taken at Fuchuen Dihai and Zhejiang Fuchuen's office at 35th Floor, United Centre, 95 Queensway Hong Kong. *See color photographs of Defendants' shared office attached as Exhibit 4.* The entry to the shared office posts the name in large block print outside the front door "ZHEJIANG FUCHUEN CO., LTD." Underneath that name appear the names of eleven other companies, six on the left and five on the right. *See printed list of eleven other companies printed in English and Chinese attached as Exhibit 5.* One such company that was printed underneath the heading "ZHEJIANG FUCHUEN CO., LTD." was listed in smaller block capitals and was "FUCHUEN DIHAI SHIPPING CO., LTD." The clear implication is that both companies are part of the same group. The photographs show that the Fuchuen Defendants share the same receptionist who sits at a desk beyond the glass front door.

8.      Interestingly, Fuchuen Dihai has attempted, unsuccessfully, to deregister with the Hong Kong Companies Registry during the course of its dispute with Transfield. Transfield lodged an objection with the Hong Kong Companies Registry to this attempt to deregister the

company and Fuchuen Dihai's application has not been granted. *See correspondence concerning attempted deregistration attached as Exhibit 6.* That Application for Deregistration of a Defunct Private Company listed Fuchuen Dihai's address not as 35th Floor United Centre, 95 Queensway, Hong Kong but rather as Room 404, Tung Ming Building, 40-42 Des Voeux Road Central, Hong Kong. My investigation revealed that the latter address is a false address because Fuchuen Dihai is not located there. There is no record of any Fuchuen company at that address. Those premises are occupied by a firm of accountants and Lash Co. Secretaries, presumably a secretarial service provided by the accountancy firm. *See color photographs of premises at Room 404, Tung Ming Building, 40-42 Des Voeux Road Central, Hong Kong attached as Exhibit 7.*

9. At Paragraph 16 of his Declaration, Mr. Weng Changrong, who is the Managing Director of Zhejiang Fuchuen, declared that Fuchuen Dihai Shipping is an independent company registered in the British Virgin Islands. That statement runs contrary not only to the Hong Kong Company Registry but also is inconsistent with the parties' charter party that denotes Fuchuen Dihai Shipping as a Hong Kong company. For reasons known only to Fuchuen Defendants, at some point Fuchuen attempted to unilaterally alter its name on the charter party with White Out eraser fluid and inserted by typewriter that it was as B.V.I. company instead of a Hong Kong company. At all times, however, Fuchuen Dihai's signature authorization stamp reflected that it was a Chinese company.

10. In respect of the charter party between Transfield and Fuchuen Dihai dated November 28, 2003, which maritime contract formed the basis of Transfield's underlying claim, it is undisputed, and in fact is admitted by the Fuchuen Defendants, that on or about May 18, 2004 Defendant Zhejiang Fuchuen made a payment on behalf of Defendant Fuchuen Dihai to

–4–

Transfield in the amount of $284,192.56. That is, Zhejiang Fuchuen paid a debt that Fuchuen Dihai owed to Transfield notwithstanding the fact that Zhejiang Fuchuen was neither a party to the contract nor was it contractually obligated to do so. At Paragraph 20 of his Declaration, Mr. Weng Changrong stated that this payment was made "as a convenience to Fuchuen Dihai by reason of the fact that Zhejiang had shipped some cargoes on board the vessel and was obligated to pay freight to Fuchuen Dihai." Tellingly, neither of the Fuchuen Defendants has ever produced a contract or other document that would tend to prove the existence of any obligation by Zhejiang Fuchuen to pay Fuchuen Dihai the amount of $284,192.56.

10. Pursuant to the Answer dated July 6, 2007 filed by garnishee Standard Chartered Bank, Zhejiang Fuchuen attempted to make a payment to "Sang Thai Shipping Agency" in the sum of $193,640.00. Transfield has requested of the Fuchuen Defendants a copy of the contract pursuant to which the payment to Sang Thai Shipping Agency was made to determine whether the payment was another example of Zhejiang Fuchuen paying the debts of Fuchuen Dihai. It is noteworthy that Zhejiang Fuchuen attempted to make this payment because Fuchuen Dihai is the shipping arm of Zhejiang Fuchuen and because Zhejiang Fuchuen is not otherwise in the business of contracting with shipping agents. Fuchuen Defendants have refused to disclose this document voluntarily such that Transfield has petitioned the Court for a disclosure order.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on July 16th 2007 in Hong Kong

C.G. Howse

–5–

## AFFIRMATION OF SERVICE

I hereby certify that on July 16, 2007, a copy of the foregoing Declaration of Chris Howse filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.

By: _____
Chares E. Murphy (CM 2125)