UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRANSFIELD ER CAPE LIMITED,                :
                                                                         :    07 CV 04528 (MGC)
                       Plaintiff,            :
                                                                         :    ECF CASE
    - against -                                       :
                                                                         :
FUCHUEN DIHAI SHIPPING CO. LTD. and ZHEJIANG :
FUCHUEN CO. LTD.,                           :
                                                                         :
                       Defendants.         :
------------------------------------------------------------------X

### DECLARATION OF SONG DIHUANG IN OPPOSITION TO DEFENDANTS' MOTIONS TO VACATE MARITIME ATTACMENT

I, Song Dihuang declares under penalty of perjury of the laws of the United States of America as follows:

1. I am a partner of Commerce & Finance Law Offices, of 6th Floor, A12 Jianguomenwai Avenue, Beijing 100022, the People's Republic of China ("PRC"), the Chinese Counsel to the Plaintiff in this action, Transfield ER Cape Limited ("Transfield") and I make this declaration based upon my own personal knowledge and upon documents that I believe to be true and accurate.

2. In my work with Commerce & Finance Law Offices I deal with various legal matters involving Chinese law, mainly focused on shipping and international trade matters, including carriage of goods by sea, collision cases, commodity disputes and general average. I have experience in litigation and arbitration and specialize also in providing evidence and witness statements regarding PRC law. A copy of my resume is attached as Exhibit 1.

—1—

3. I have been provided with copies of the registrations filed with the Hong Kong Companies Registry by the Defendant, Zhejiang Fuchuen Co. Ltd. ("ZF"). *See Companies Registry Annual Return for Defendant Zhejiang Fuchuen attached Exhibit 2 hereto.*

4. I have also been provided with copies of the Declaration of Weng Changrong, Managing Director of ZF, and understand that he contends that ZF is entitled to sovereign immunity in relation to Transfield's claims asserted in this proceeding. I have also reviewed the Exhibits (A-G) annexed to Mr. Weng's Declaration.

5. I have been asked by Transfield's New York counsel to provide this declaration to address the status of ZF under PRC law, and specifically whether ZF would be considered "owned by the PRC" or an "agency or instrumentality" of the PRC.

12. As a matter of introduction, there is still some disputes over the term of "state-owned enterprise" ("SOE") under Chinese law, since there is no such official definition in Chinese law, for example the Company Law or Law on Enterprises owned by the Whole People. However, it is generally accepted that a SOE means:

(1) the "wholly state-owned company" ("WSO") as registered under Company Law of PRC; or

(2) any non-corporate enterprise which "is owned by the whole people" which is registered under the Law on Enterprises owned by the Whole People of PRC ("EWP") and/or other laws.

13. The term WSO, used under the Company Law refers to the limited liability companies established solely by State authorized investment institution or department (*see Exhibit 3 Company Law of PRC*). "State authorized investment institution or department" shall

*Exhibit 3 Company Law of PRC)*[1]. "State authorized investment institution or department" shall mean the State Assets Supervision and Administration (for non-financial companies) (*see Exhibit 4 Interim Measures for the Supervision and Administration of State-Owned Assets of the Enterprises*).

14. As per Art. 2 of the Law on EWP, "an industrial enterprise owned by the whole people shall be a socialist commodity production and operation unit which shall, in accordance with law, make its own managerial decisions, take full responsibility for its profits and losses and practice independent accounting. The property of the enterprise shall be owned by the whole people, and shall be operated and managed by the enterprise with the authorization of the state in line with the principle of the separation of ownership and managerial authority. The enterprise shall enjoy the rights to possess, utilize and dispose of, according to law, the property which the state has authorized it to operate and manage...." (*see Exhibit 5: Law on the Industrial Enterprises Owned by the Whole People*).

15. Where an entity is owned by the state with majority shares or minority shares, different terms are used in some legal instrument.

16. Therefore, a "SOE" may be a WSO or an EWP. An EWP could be a fully owned subsidiary of its parent company - another EWP. We may have to look into the company registration documents before we reach a conclusion as to whether such EWP is directly controlled by the Government..

17. Art 4 of Interim Measures for the Supervision and Administration of State-Owned Assets of the Enterprises provides that "The state-owned assets in enterprises belong to the state. The state shall apply the administration system of state-owned assets in which the State Council

---

[1] As the dispute arose in late 2003 or early 2004, we attach the Company Law as amended in 1999. It was further revised in 2005, but

—3—

and the local people's governments shall, on behalf of the state, perform the contributor's duties and enjoy the owner's rights and interests, the rights shall be associated with the obligations and responsibilities, and the administration of assets shall be combined with the administration of personnel and affairs."

    18. Further, any state-owned assets abroad are subject to the Interim Measures on Administration of Overseas State Owned Assets, and are subject to registration with different levels of state assets supervision authority. Indeed, according to the Interim Measures on Administration of Property Right Registration of Overseas State-owned Assets (*see Exhibit 6*), the items of registration shall include:

    (1) name of the overseas institution;

    (2) address of the overseas institution;

    (3) name of the legal representative, or chief representative from Chinese party and person in charge;

    (4) scope of administration, or scope of business;

    (5) form of registration of the institution;

    (6) capital contributors or unit of dispatch;

    (7) total value of the assets of the enterprise (or unit);

    (8) total amount of registered capitals;

    (9) total amount of state-owned capitals;

    (10) total value of state-owned assets.

Further, the overseas company or agency should conduct annual inspection of the state owned assets overseas.

---

the definition of SWO remains unchanged.

19. I have read the Declaration of Mr. Weng Changrong and its Exhibits A-G, and I have the following comments on his Declaration:

(a) In paragraph 12, Mr. Weng mentioned that all of the capital shares of Zhejiang Fuchuen were at the time and are still owned by the Zhejiang Provincial People's Government. This appears to be inconsistent with the documents in Exhibit E to his Declaration, where it appears that due to change of the circumstances, at least USD$8.65 million were a "long term loan" of the Bureau of Finance of Zhejiang Province, and according to this document Zhejiang Fuchuen was supposed to pay the interest rather than dividends.

(b) In paragraph 14 of his Declaration, Mr. Weng says that the governor of Zhejiang Province is appointed directly by the Central Governor in Beijing, this is incorrect. As a matter of Chinese laws, the local Governor is elected by the Zhejiang People's Congress.

(c) Exhjibit "D" of Mr. Weng's Declartion is entitled, in Chinese, as an "Agreement of Fu Chun Co. Ltd." (first page only). This Agreement appears to indicate that Zhejiang Fuchuen is a joint-venture company set up by various capital contributors. This means that, as a matter of Chinese law, Zhejiang Fuchuen is not directly owned by Zhejiang Provincial Government. I have not been provided with the full copy of the Agreement (despite what I understand are several requests made for it by Transfield's New York lawyers to Zhejiang Fuchuen's New York lawyers), but it appears very likely that the beneficial shareholders of Zhejiang Fuchuen are different enterprises which may be EWP or subsidiaries of EWPs. Therefore, it is very likely that Zhejiang Fuchuen is not a company directly owned by the State or the Zhejiang Provincial Government, but actually owed by different EWPs or subsidiaries of EWPs.

–5–

(d)  Exhibit "B" of Mr. Weng's Declaration contains a document entitled Approval Reply: Regarding Approval for Establishing Fu Chun Company as a Foreign Trade Agency Based in Hong Kong. This documents says "it is necessary for all foreign trade enterprises in our province to jointly re-establish a Hong Kong-based foreign trade agency", suggesting that Zhejiang Fuchuen was indeed set up by a number of foreign trade enterprises of Zhejiang Province, which was approved by the Zhejiang Provincial Government.

Exhibit "B" further contains a document entitled Approval Notice of Agreement of Fu Chun Co. Ltd. by the Zhejiang Provincial Government." This document further indicates that subject to approval by the Hong Kong and Macao Affairs Office, Zhejiang Fuchuean may, as scheduled and dominated, arrange for those capital contributors to select personnel to work in the Company (i.e. Zhejiang Fuchuen). Therefore, perhaps the management staff are not directly appointed by the Zhejiang Provincial Government, as Mr. Weng claims. .

20.  I have also done some research on the internet concerning Zhejiang Fuchuen. I found on the website of Hangzhou Iron and Steel Company *(see Exhibit 7 annexed hereto)*, that as from November 1999, the Zhejiang Provincial Government decided that Hangzhou Iron and Steel would take over Zhejiang Fuchuen in Hong Kong. If this is true, Zhejiang Fuchuen appears to be a subsidiary of Hanzhou Iron and Steel. There have been changes in China in the company structure. It thus appears to me that Zhejiang Fuchuen has not disclosed all the information concerning its company structure.

21.  I have also seen a copy of the corporate records of Zhejiang Fuchuen from the company research done by Transfield' Hong Kong lawyers (*See Exhibit "2 "* annexed hereto ), and I have not seen any indication in those records that Zhejiang Fuchuen is a "state-owned enterprise." These records show that its shares are held by two individuals. I have seen Exhibit

D and F to Mr. Weng's Declaration indicating that these individuals are holding these shares in trust for the Zhejiang Provincial People's Government. I am not in a position to comment whether these documents truly represent the current status. Nonetheless, according to Art 18 of the Interim Measures on Administration of Property Rights Registration of Overseas State-owned Assets, I assume this document was one of the formality necessary to complete the registration of state-owned assets overseas. However, according to Art 17 thereof, the ZF should provide the following documents to the local state-owned assets administration authority:

(1) Registration Form (on file) of Property Rights of Overseas State-owned Assets;

(2) Legal instrument of project investment and institution registration at the country (region), Overseas ownership certificate which is recognized by the local law and registration certificate for the company estate;

(3) Relevant documents for the opening of the Institute which has been verified by overseas auditors and approved by the competent authority;

(4) where it is indeed necessary to incorporate and register the institute in the name of individual, there must be produce the "Shares Statement", "Entrust Statement", "Shares Transfer Agreement" which have the legal effect of document of owners in the local area, as well as the duly executed Notorial Certificate of Contract of Entrust;

(5) other documents that may be required by the state-owned assets administration authority.

Therefore, ZF have failed to provide the most important part of the documents as listed above. As mentioned above, in my opinion, having reviewed all of the records attached as Exhibits to Mr. Weng's Declaration that it is very likely that Zhejiang Fuchuen was formed by a few SOEs.

--7--

...

22. In my view, the available documentary evidence has strongly suggested that Zhejiang Fuchuen is NOT a company directly owned by the state or Zhejiang Provincial People's Government. It appears that it is a subsidiary or joint venture owned by a few EWPs, in other words several tiers removed from the Zhejiang Provincial People's Government and even further removed from the PRC.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on July 15 2007 in Beijing

*[signature]*
Dihuang Song

## AFFIRMATION OF SERVICE

I hereby certify that on July 16, 2007, a copy of the foregoing Declaration of Song Dihuang filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: /s/ Charles E. Murphy
Chares E. Murphy (CM 2125)