United States District Court

Southern District of New York

_____ X

Transfield ER Cape Limited                07 CV 4528 (MGC)

             Plaintiff,              ECF CASE

-against-

Fuchuen Dihai Shipping Co

Ltd and Zhejiang Fuchuen Co

Ltd,

             Defendants.

_____ X

### Second Declaration of Paul Robert Rodgers in support of
### Defendants' motions to vacate maritime attachment

Paul Robert Rodgers declares under the penalty of perjury of the laws of the United States of America as follows:

1. I refer to my first declaration. At that time as made clear in the declaration, I was receiving instructions from the managers of the 1ˢᵗ Defendant, in particular Mr Lawrence Yeung, Deputy General Manager of the charterers Fuchuen Dihai Shipping Co Ltd. The Plaintiffs have already alluded to the fact in their English proceedings in which they actively deny the existence of any settlement (in complete contrast to their position maintained in their verified complaint before your Court) that only two individuals representing the Defendants attended that settlement meeting. Having traveled from Singapore to China over the past weekend and interviewed those two individuals, Mr Xu Yongtao and Mr Miao Keneng, I wish to clarify my original declaration as to the settlement given my desire not to inadvertently mislead the Court.

2. I should make it clear that in England, a hearing took place last Wednesday whereby we applied for an order under Section 30 of our Arbitration Act 1996 to the effect that there was a settlement of the charter party dispute and that consequently, the second tribunal constituted by the Plaintiffs (upon where the Plaintiffs partially rely for their Attachment) inter alia had no substantive jurisdiction (because there was no live issue).

1

3.. That application was actively defended by Transfield who positively submitted that there was no settlement between the parties and invited the tribunal to allow their witnesses to give evidence to that effect. To quote from their final paragraph, "Transfield requests a declaration in your award to the effect that no settlement was concluded and that, as a result, you have jurisdiction to deal with the claims arising under the charter party. Transfield also claim their costs of this reference". In contrast, their verified complaint stated that at Paragraph 15, "subsequently, the parties negotiated a compromised settlement and the action was voluntarily dismissed...".

4. To accommodate their wish for oral evidence to show no settlement, a hearing has been scheduled for the week beginning 20 August 2007 and so the Defendant finds itself having to prove a settlement agreement in London against Transfield in circumstances where Transfield acknowledge and indeed rely on that same settlement agreement to obtain a Rule B attachment in your Court.

5. That must be perverse under any legal system and is a situation brought about entirely by Transfield peculiar approach to this whole matter which can have no legal basis whatsoever.

6. As part of that Section 30 application, we will be exchanging witness statements in about one week's time and I do not wish to prejudice my clients' position prior to that exchange by alluding to the evidence obtained from those two witnesses over the past weekend. Suffice to say that we maintain a settlement agreement was reached between the parties albeit not in the same precise manner set out in my original declaration. In particular, I now know that the settlement meeting took place prior to Transfield faxes of 23 February 2005 and 28 April 2005. However, as I understand it, it does not impact on your deliberations given we maintain a settlement agreement was reached and confirmed by both lawyers representing both parties in July 2005, I do not propose to elaborate at this stage. I am however concerned to prevent any suggestion that I may have deliberately misled your honourable Court hence this declaration.

7. As part of Transfield's opposition to the motion to vacate, it has come to my attention that Transfiled asserts that their charter party dated 28 November 2003 was with a Hong

2

Kong company Fuchuen Dihai Shipping Company Limited. However, that company was only incorporated in late 2004 several months AFTER the charter party in question. As a matter of English law, which governs the charter party, the Plaintiffs would not be entitled to maintain a claim against a non-existent company. I believe that would be the end of the matter but my clients would not wish to evade their obligations in any way and have therefore made it clear in form of a declaration from their Deputy General Manager, Mr Lawrence Yeung that the charterers were in fact another company Fuchuen Dihai Co Ltd with a registered address in the British Virgin Islands. That declaration makes it clear that Transfield have known for some considerable time (and long before their application to your Court) that their charterers was a BVI company but have deliberately chosen to attack the Hong Kong company. I can only summise that their only reason for doing so was an attempt to justify attachment of assets belonging to what might be its parent, Zhejiang Fuchuen Co Ltd which is also a Hong Kong company. Although this is a matter for Zhejiang Fuchuen Co Ltd and its lawyers, it does demonstrate the level to which the Plaintiffs will go in order to pursue its unjustified, unsubstantiated and unwarranted demands for money.

8.  I trust the Court will quickly recognize the irreconcilable position adopted by the Plaintiff in two different jurisdictions should not be allowed to continue for any longer than is absolutely necessary and that the court will vacate this attachment as quickly as possible which I stress was made in support of a charter party claim which had already been settled 2 years ago and a settlement agreement which the Plaintiff themselves now deny the existence of it (at least in London).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 23 July 2007 in Hong Kong

Name: Paul Robert Rodgers

Signature:

3